**Jose de Jesus ESCAMILLA aka Alfonso Escamilla, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–81–00080–CR.**

Court of Appeals of Texas, El Paso.

May 12, 1982.

Miguel J. Cervantes, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., R. Bradford Stiles, John P. Calhoun, Asst. Dist. Attys., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

This is an appeal from an attempted burglary. The Appellant was found guilty and punishment was assessed by jury at five years confinement. We affirm.

On February 13, 1980, two El Paso police officers were patrolling the El Paso downtown area. While in route to investigate a disturbance dispatch, the police officers saw two individuals in an alley. The police officers returned to the alley after handling the disturbance call and saw an individual pry-

ing on the alley door of a beauty supply store. The officers began to chase the individual, and the individual threw an object into a nearby dumpster. While pursuing the first individual down the alley, the officers spotted Appellant standing by the back door of Wise Fashions, prying on the door with a large screwdriver. The Appellant was arrested and charged with attempted burglary.

In his first ground of error, Appellant contends that the trial court erred in denying his motion for mistrial because the trial court excused juror number 14 on its own motion without allowing the prospective juror to be questioned as to her qualifications as a juror and without Appellant's consent. There is nothing in the record to sustain the assertion and hence nothing presented for review. *Beck v. State*, 573 S.W.2d 786 (Tex.Cr.App.1978). The first ground is overruled.

Appellant's second ground of error alleges that the State failed to lay the proper predicate for the admission of Exhibit 11 into evidence. In reading Appellant's brief, he gives the impression that Exhibit 11, the booking docket cards for the El Paso County Jail, was admitted into evidence following Officer Orosco's comparison. Appellant contends that Exhibit 11 was admitted in violation of the Business Records Exception to the Hearsay Rule. Tex.Rev.Civ.Stat.Ann., Article 3737e (Vernon Supp.1981).

Under Section 1 of the statute, a record can be admitted into evidence if the trial judge finds that (1) it was made in the regular course of business, (2) it was the regular course of that business for an employee or a representative of such business with personal knowledge of such act to make such a record, and (3) it was made at or near the time of the act or reasonably soon thereafter. Section 2 says the identity and mode of preparation of a record may be proved by the testimony of the custodian.

The trial court did not accept into evidence Exhibit No. 11 on Officer Orosco's testimony. Exhibit No. 11 was admitted into evidence following Deputy Sheriff Gomez's testimony. Gomez testified that Exhibit No. 11 was the booking docket cards for the El Paso County Jail, that the cards were kept in the regular course of business, that the entries made on the cards show that the entries were made near the time of the event, and he, Deputy Sheriff Gomez, was the custodian of the record. Following cross-examination of Gomez by Appellant's counsel, Exhibit No. 11 was admitted into evidence. A proper predicate was laid and the ground is overruled.

Ground of Error No. 3 asserts that Exhibit No. 12 should not have been admitted into evidence because the State failed to prove that Appellant and Jose de Jesus Gallegos were one and the same person.

Exhibit No. 10, which was admitted into evidence, was a set of fingerprints made by Appellant Jose de Jesus Escamilla on the day of trial. Exhibit No. 11 was a set of fingerprints made by an individual named Jose de Jesus Gallegos. Exhibit No. 12 was a certified copy of a judgment of conviction and sentence for Jose de Jesus Gallegos.

Officer Orosco, a latent fingerprint examiner with the El Paso Police Department, compared the inked impressions in Exhibit No. 11 with the inked impressions made by Appellant, being Exhibit No. 10. Orosco said the prints had been made by the same person and that there was no way the prints could have been made by two different people. The necessary link between Exhibits Nos. 10, 11 and 12 was established to show that Appellant was the same person convicted and sentenced for a previous crime. *Long v. State*, 590 S.W.2d 138 (Tex.Cr.App.1979). The ground of error is overruled.

Appellant's fourth ground of error complains that the trial court erred in denying Appellant's request for an instruction to the charge on the lesser offense of criminal mischief.

An offense is a lesser included offense if 1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; 2)

it differs from the offense charged only in respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; 3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or it consists of an attempt to commit the offense charged or an otherwise included offense. Tex.Code Crim.Pro.Ann., Article 37.09 (Vernon 1981).

A person commits the offense of criminal mischief if he intentionally or knowingly damages the tangible property of the owner. Tex.Penal Code Ann., Section 28.03 (Vernon 1974). A person commits the offense of burglary if he enters a building, not then open to the public, with intent to commit a felony or theft. Tex.Penal Code Ann., Section 30.02 (Vernon 1974). He commits criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Tex.Penal Code Ann., Section 15.01 (Vernon 1974).

Appellant urges that evidence of damage to the door of Wise Fashions is sufficient to constitute evidence of criminal mischief.

The State contends that the rule is that the trial court need not give a jury charge on a lesser included offense unless there is testimony raising such issue that Appellant, if guilty, is guilty *only* of the lesser offense. *McBrayer v. State*, 504 S.W.2d 445, (Tex.Cr. App.1974). However, this limitation was specifically rejected in *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975). The court there noted the language in the *McBrayer* opinion but held that as long as there was some evidence raising the lesser included offense, the accused was entitled to such a charge. It there held that criminal trespass may be a lesser included offense of burglary, held that the evidence raised the issue, and reversed for the court's failure to give the lesser included offense charge.

▬▬ Thus, it seems that in a trial for burglary, the accused's unauthorized presence in a building, by itself, would not be sufficient to raise the lesser offense of criminal trespass. On the contrary, there must be evidence explaining the accused's unauthorized presence showing a purpose other than an intention to commit theft or a felony. It is only then that issue of criminal trespass comes up for consideration. *See: Day v. State, supra,* where accused testified he entered the building to telephone the police and report a burglary; *McCardell v. State,* 557 S.W.2d 289 (Tex.Cr. App.1977), where the witness testified accused entered building looking for his brother. In the instant case, there is no evidence showing that Appellant intended to destroy or damage property and did not intend to enter the building. The charge on criminal mischief was properly refused. Ground of Error No. 4 is overruled.

The trial court's judgment is affirmed.