**Michael Earnest JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0608–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 1984.

Will Gray, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

OPINION ON STATE'S MOTION
FOR REHEARING

OPINION

DUGGAN, Justice.

Our opinion of November 10, 1983, is withdrawn and the following is substituted.

The State's motion for rehearing is granted, and the judgment is affirmed.

Appellant was found guilty by a jury of burglary of a building with the intent to commit theft. Tex.Penal Code Ann. § 30.-02(a)(1) (Vernon 1974). After he pleaded true to the two prior burglary convictions alleged in the indictment, the court sentenced him to life imprisonment as an habitual offender. Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).

Appellant was apprehended by the police at approximately 4:35 a.m. on April 14, 1982, in front of the Vegetable Bin restaurant located near Sharpstown Mall in Houston. Two police officers, F.J. Briscoe and W.F. Newman, responded to a silent burglar alarm. When Officer Newman went to the front door, he discovered that it had been pried open. Officer Briscoe, who was in the patrol car, noticed a silhouette through the window. When he radioed for a backup police unit, Officers Reed and Sayer responded. Briscoe went to the back of the restaurant where Reed joined him. They heard a loud, banging noise from inside the back door. It opened and the appellant ran from the restaurant and toward a six-foot fence bordering the rear of the parking lot. When Officer Briscoe ordered him to halt, he stopped and was placed under arrest. Officer Newman's search of the appellant recovered $3.25, all in change, and the trunk key to a Chrysler vehicle.

The fence at the back of the parking lot had an opening in it resulting from three or four missing boards. Officer Reed noticed that an off-white late model Chrysler was parked behind the fence. When appellant was questioned about the ownership of the car, he denied that it belonged to him and failed to state that he had borrowed it.

Officer Newman and his supervisor, who had been called to search for other suspects hiding in the building, discovered that the cigarette machine inside the restaurant had been pried open and that the empty money box was behind the cash register.

The back office had been ransacked. Upon his arrival, the owner, Sigmundo Penn, discovered nothing else missing. He testified that he had not given the appellant permission to enter the restaurant during non-business hours.

Appellant testified that he had borrowed the Chrysler from a friend earlier in the evening. He was leaving a game room off Buffalo Speedway and the South Loop when a man and a woman gave him $10 to drive them to their apartment, which was located across the street from the Vegetable Bin restaurant. After he dropped the couple off, the radiator ran hot and he pushed the car into a driveway behind the fence. After checking the radiator, he decided to go to a U-Tot-Em store about two blocks away to call his wife. When he went through the gap in the fence, Officer Briscoe told him to halt and threw him down on the ground. Appellant denied breaking down the front door, entering the restaurant, or kicking out the back door.

Over appellant's objection, the Court submitted the case only on the issue of burglary of a building with intent to commit theft. Appellant had requested an additional submission on the issue of criminal trespass based upon his own testimony.

Appellant's sole ground of error on appeal complains of the court's failure to charge the jury on criminal trespass, contending that it is a lesser included offense of burglary of a building with intent to commit theft. In both *Day v. State,* 532 S.W.2d 302, 306 (Tex.Cr.App.1975) and *Daniels v. State,* 633 S.W.2d 899, 900 (Tex. Cr.App.1982), the Court of Criminal Appeals found criminal trespass to be a lesser included offense of burglary. In *Day,* the Court reversed the appellant's conviction for burglary of a building with intent to commit theft when the court failed to include in the jury charge the issue of criminal trespass of a building. Similarly, in *Daniels,* the Court reversed the appellant's conviction for burglary of a habitation when the trial court failed to instruct on the lesser included offense of criminal trespass of a habitation.

■ Upon reconsideration of the law on lesser included offenses as applied to the facts of this case, we agree with the State that criminal trespass of property surrounding a building is not a lesser included offense of burglary of that building with intent to commit theft, and we find no error in the court's exclusion of the requested charge.

■ The elements of proof for burglary of a building with intent to commit theft are that (1) a person, (2) without effective consent, (3) enters a building not then open to the public, (4) with the intent to commit a felony or theft. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974); *Day v. State, supra,* at 305. The elements of proof for criminal trespass of property are that (1) a person, (2) without effective consent, (3) enters or remains on the property or in a building of another, (4) knowingly or intentionally or recklessly, (5) when he had notice that entry was forbidden or received notice to depart but failed to do so. § 30.05 (Vernon Supp.1983); *Day* at 306. The point in controversy centers around the third element of both offenses.

■ Appellant sought the jury charge on criminal trespass on the basis of his testimony that he came through the fence onto the rear of the property of the restaurant, yet he was indicted and tried for burglary of the building housing the restaurant. *Building* is included within the meaning of the more general word *property;* the word *property* is not included within the definition of *building.* A building cannot be said to include surrounding property since it is, by definition, an enclosed structure. Tex. Penal Code Ann. § 30.01(2) (Vernon 1974). Thus, the offense appellant sought to have included in the charge, criminal trespass of the restaurant's parking lot, could not be established by proof of the same or less than all of the facts required to establish commission of the burglary of the restaurant: entry onto the parking lot is not the same as, or included within, entry into the restaurant itself; it is an entirely different fact. *See* Tex.Code Crim.Pro.Ann. art. 37.-

09 (Vernon 1981). Stated another way, under the facts of this case, the entry element of the greater offense, burglary of a building with intent to commit theft, does not include the entry element of the lesser offense, criminal trespass of property.

■ The only lesser offense of trespass to which appellant could have been entitled was a trespass of the building itself. Admission of the trespass of property outside the restaurant no more entitles appellant to a charge on a lesser included offense than admission of some other crime committed at the scene which is not a lesser included offense of burglary of a building. *Cf. Escamilla v. State*, 635 S.W.2d 178, 179–80 (Tex.App.—El Paso 1982, pet. granted) (wherein criminal mischief was held not to be a lesser included offense of attempted burglary). Before a charge is required on a lesser included offense, there must be evidence that a defendant, if guilty, is guilty only of the lesser included offense. *Hunter v. State*, 647 S.W.2d 657, 658 (Tex. Cr.App.1983); *Hall v. State*, 630 S.W.2d 709, 711 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd). The appellant, by denying entry to the building, placed himself in the situation where he was either guilty of burglary or guilty of no offense alleged in the indictment. There is no evidence in the record raising the issue of criminal trespass of the building appellant was accused of burglarizing.

Appellant's ground of error is overruled.

The judgment is affirmed.

WARREN and DOYLE, JJ., also sitting.