Opinion issued July 3, 2003







 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00981-CV
____________
 
IN THE MATTER OF M.A.F., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 02-05893J
 

 
 
MEMORANDUM OPINION
          Appellant, a juvenile, pleaded true to engaging in delinquent conduct by
committing the offense of criminal trespass.


 The trial court found that appellant had
engaged in delinquent conduct and was in need of rehabilitation. The trial court
ordered that appellant be placed on probation for one year in the custody of the Chief
Juvenile Probation Officer. In two points of error, appellant challenges the legal and
factual sufficiency of the evidence to support the trial court’s order. We affirm.
Facts
          Corporal Deborah Jones, a Harris County Constable, Precinct 3, testified that
on June 28, 2002, she was working as an off-duty security officer for a skating rink
in Harris County. Jones saw appellant, who appeared upset, standing outside of the
girl’s restroom. Jones asked appellant who he was waiting on, and appellant
answered, “That bitch better come out of the restroom or I’m going to drag her ass out
of there.” Jones went into the restroom and found a little girl crying. The little girl
was “scared” of appellant. Jones told appellant to leave the skating rink because
appellant “was using profanity and the little girl was scared.”
          After Jones told appellant to leave the building, appellant “just stood there” and
said he was “not leaving.” Jones and Deputy Al Cedillo grabbed appellant by the arm
and attempted to escort appellant from the building, but appellant jerked his arm away
and said “I can leave by myself.” Appellant then “started walking toward the door
and he just stopped,” and Jones had to again request that appellant leave the building. 
Appellant then “started cursing and told [Jones] that he was going to kick [her] ass.” 
The record reflects that Jones and Cedillo then grabbed appellant by the arm, opened
the front door, and forcibly removed him from the building. 
Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence was legally
insufficient to support the trial court’s affirmative finding that he engaged in
delinquent conduct by committing the offense of criminal trespass. 
          In juvenile cases, although they are civil proceedings, a reviewing court applies
the criminal sufficiency standards of review. In re L.R., 84 S.W.3d 701, 704 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). We review the legal sufficiency of the
evidence by viewing the evidence in the light most favorable to the verdict to
determine if any rational fact finder could have found the essential elements of the
crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). Although our analysis considers all evidence presented at trial, we may
not re-weigh the evidence and substitute our judgment for that of the fact finder. Id.
          To establish criminal trespass, the State must show that a person entered or
remained on property of another without effective consent, or he entered or remained
in a building of another without effective consent and he (1) had notice that entry was
forbidden, or (2) received notice to depart but failed to do so. Tex. Pen. Code Ann.
§ 30.05(a) (Vernon 2003). Thus, criminal trespass consists of the following elements:
(1) a person, (2) without effective consent, (3) enters or remains on the property or
in a building of another, (4) knowingly or intentionally or recklessly, (5) when he had
notice that entry was forbidden or received notice to depart but failed to do so. Day
v. State, 532 S.W.2d 302, 306 (Tex. Crim. App. 1975); Johnson v. State, 665 S.W.2d
554, 556 (Tex. App.—Houston [1st Dist.] 1984, no pet.).
          In regard to appellant’s legal sufficiency challenge, appellant argued “[i]t is
clear by the evidence adduced at [his] trial that when asked to leave he proceed [sic]
to the door and that, with the assistance of the deputies, did, in fact, leave.” (emphasis
added.) Here, Corporal Jones possessed the authority to enforce security at the
skating rink and the owner requested that appellant be removed. When Jones first
asked appellant to leave, he “just stood there” and refused to leave. After Jones and
Deputy Cedillo attempted to escort appellant out of the building, he stopped at the
door but did not exit the building. Jones had to again ask appellant to leave the
building. After appellant cursed at and threatened Jones, Jones and Cedillo again
grabbed appellant by the arm and had to forcibly remove him from the building. 
Appellant intentionally remained in the building of another after he received notice
to depart but failed to do so. Therefore, we hold that the evidence was legally
sufficient to support the trial court’s affirmative finding that appellant engaged in
delinquent conduct by committing the offense of criminal trespass.
          We overrule appellant’s first point of error.
          In his second point of error, appellant contends that the evidence was factually
insufficient to support the trial court’s affirmative finding that he engaged in
delinquent conduct by committing the offense of criminal trespass. However, as a
prerequisite to raising a factual sufficiency challenge on appeal in a juvenile case, an
appellant must first file a motion for new trial challenging the factual sufficiency of
the evidence. Tex. Fam. Code Ann. § 51.17(a); Tex. R. Civ. P. 324(b)(2); In re
M.R., 858 S.W.2d 365, 366 (Tex. 1993); In re J.M.S., 43 S.W.3d 60, 62 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). We note that appellant’s amended motion
for new trial was filed 31 days after the date the order was signed by the trial court
and will not be considered as timely filed. Tex. R. App. P. 21.4(b). A review of the
record reveals that appellant did not challenge the factual sufficiency of the evidence
in his motion for new trial. Thus, appellant has not preserved his factual sufficiency
challenge. Tex. R. App. P. 33.1. 
          We overrule appellant’s second point of error.

Conclusion
          We affirm the order of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).