**David Wayne BLACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–04–00870–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 2006.

Jerald Kaplan Graber, Houston, for appellants.

Peyton Peebles, III, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and GUZMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

A jury found appellant, David Wayne Black, guilty of burglary of a building. Appellant pleaded true to two enhancement paragraphs. The jury assessed punishment at twelve and one-half years' imprisonment and a $100 fine. On appeal, appellant raises two points of error: (1) the court erroneously failed to instruct the jury on the lesser-included offense of criminal trespass; and (2) the evidence was legally and factually insufficient to convict. We affirm.

### Factual and Procedural History

On November 26, 2003, an alarm tripped, notifying a Spring Branch I.S.D. dispatcher that someone had entered schoolroom 18 at a local elementary school. The dispatcher then radioed a Spring Branch I.S.D. officer and a constable. Both responded to the call and went to the school. The alarm continued to indicate someone was in the room until the officers arrived. When they arrived, it was approximately 1:00 a.m. Officers found appel-

lant four to five feet away from the broken window of room 18. At all times, appellant was cooperative and did not attempt to escape.

Once appellant was in custody, one of the officers searched the school. Part of the purpose behind this search was to test the alarm system. No one was found in the school and the alarm system was functioning normally. The school is completely fenced in and though there are several gates, only one was open at the time of the burglary. Room 18 is located in an area of the school that has no outlet. The officers searched this area and no one else was present.

One of the officers noticed that one of the pieces of glass from the window had a shoe print on it. Appellant willingly gave his shoes to the officers for a comparison. After comparison, the two officers originally at the scene, and another who came later, determined that appellant's shoe had made the print. The officers also found a CD player on the ground outside of room 18, and a computer system stacked and "ready to go" on the window ledge inside the room. No prints of any kind were found on the computer, the CD player, or anywhere inside the classroom.

Appellant was indicted for burglary of a building. Before the trial leading to this appeal, the State previously tried appellant for this offense. However, the jury in that case could not reach a verdict. On retrial, a different jury convicted appellant. After pleading true to two enhancement paragraphs, the jury sentenced appellant to twelve and one-half years' imprisonment and a $100 fine. Before the jury received instructions in the guilt-innocence phase of the trial, appellant requested an instruction on the lesser-included offense of criminal trespass. The court denied that request.

## Analysis

### I. Lesser–Included Offense

A court will not instruct the jury on a lesser-included offense unless a two-prong test is satisfied. First, the lesser-included offense must be included in the proof necessary to establish the offense charged. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). Second, some evidence must exist in the record that would permit the jury rationally to find that if the defendant is guilty, he is guilty of only the lesser offense. *Id.* at 673. The Court of Criminal Appeals, along with this court, has declared certain crimes to be lesser-included offenses of other crimes. Conversely, we have held also that some crimes can never been lesser-included offenses of other crimes. The latter is true here.

As an initial matter, the State argues in its briefing that it is unclear whether appellant is asking for the lesser-included offense of criminal trespass of a building, or of property. Because appellant's briefing focuses on facts related only to being on the property illegally, we understand his argument to be only that criminal trespass of property can be a lesser-included offense of burglary of a building. However, we already have rejected appellant's argument. *See Lowe v. State*, 2001 WL 726344, *2 (Tex.App.-Houston [14th Dist.] June 28, 2001, no pet.) (per curiam) (not designated for publication); *see also Johnson v. State*, 665 S.W.2d 554, 556 (Tex. App.-Houston [1st Dist.] 1984, no pet.).

Appellant directs our attention to cases stating generally that criminal trespass is a lesser-included offense of burglary. *See Day v. State*, 532 S.W.2d 302, 306 (Tex. Crim.App.1975); *Wyble v. State*, 764 S.W.2d 927, 929 (Tex.App.-Amarillo 1989,

pet. ref'd) (citing *Day*). Those cases are not controlling here. We do not disagree that criminal trespass of a building is a lesser-included offense of burglary of a building—the situation in *Day*. 532 S.W.2d at 306 (laying out the elements of criminal trespass as including remaining on property or in a building). Yet, as we and our sister court have explained, the Legislature's use of the word "building" as opposed to "property" in the criminal code is not meaningless. *See Lowe,* 2001 WL 726344 at *2; *Johnson,* 665 S.W.2d at 556. The legislature did not intend for trespass of property surrounding a building to be a lesser-included offense of burglary of a building because the term "building" encompasses only the structure, not the surrounding property. *See Lowe,* 2001 WL 726344 at *2; *Johnson,* 665 S.W.2d at 556. Thus, because an element of burglary of a building does not include the same entry element of the lesser offense of criminal trespass of property, the latter cannot be a lesser-included of the former. *See Johnson,* 665 S.W.2d at 556. Appellant cannot satisfy the first prong of *Rousseau.* Accordingly, we overrule appellant's first point of error.

## II. Sufficiency of the Evidence

In his second point of error, appellant raises both a legal and factual sufficiency challenge. We take each in turn.

### A. Legal Sufficiency

■ In a legal sufficiency challenge, we employ the familiar standard of viewing the evidence in the light most favorable to the verdict. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000). If any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, we will affirm. *Id.* Viewing the

evidence through the appropriate prism, we hold the evidence was legally sufficient.

Section 30.02 of the Texas Penal Code defines burglary of a building as entering a building not then open to the public without effective consent and with the intent to commit theft. TEX. PEN.CODE § 30.02(a)(1). Evidence the State presented at trial was undisputed. The school's assistant principal testified that the school is not open to the public at night, the school is entirely fenced in, and appellant did not have permission to be on the premises, much less in the building. Appellant was outside of the broken window and no other persons were found on the property or in the school. Testimony from dispatchers and officers indicated that someone had been in only room 18 until the officers arrived and exited as officers approached the building. Put together, the evidence showed appellant had been in room 18, by himself, and had exited the room just before officers found him. Additionally, appellant's shoe print was found on broken glass—the glass broken to gain entry into the school. Just inside of the window was a computer system, stacked and "ready to go." Viewed in the light most favorable to the verdict, the evidence is legally sufficient to prove appellant's illegal entry into a building with the intent to commit theft of school property.

### B. Factual Sufficiency

■ We also employ familiar standards of review to analyze appellant's factual sufficiency challenge: reviewing all of the evidence to determine whether the jury was "rationally justified in finding guilt beyond a reasonable doubt." *Zuniga v. State,* 144 S.W.3d 477, 484 (Tex.Crim. App.2004). We view the evidence in a neutral light, without the prism of the light

most favorable to the verdict. *Id.* at 481. The evidence may be factually insufficient in two ways: (1) though legally sufficient, it may be too weak to support a finding of guilt beyond a reasonable doubt; and (2) when balanced against the evidence supporting the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. *Id.* at 484–85. As an appellate court, we defer to the jury's role as fact finder, particularly in areas of witness credibility, demeanor, and the weight to be given conflicting testimony. *Id.* at 481 ("Deference is given to the jury verdict, as well as to determinations involving the credibility and demeanor of witnesses.").

■ As an initial matter, there is no contrary evidence in this case. Thus, we view the evidence to determine only if it were too weak to support a finding a guilt. We hold that it was not too weak. We have outlined already the evidence supporting the verdict. Although appellant accurately presents a host of additional pieces of evidence by which the State could have proved the crime, he does nothing to undermine the evidence actually presented at trial. Specifically, appellant notes that he was not in possession of any stolen items when found, there is no direct evidence that a human was ever in the school-room—as opposed to an animal of some sort—, and there was no evidence as to whether the computer on the inside window ledge or the equipment outside on the ground was school property. Further, appellant notes that a previously-empaneled jury was unable to reach a verdict. Although convicted by the second jury, it was not until it sent out several notes asking a series of questions.

Put together, appellant's argument is that the State's case was simply too weak. We disagree. Appellant does not argue—as he could not successfully—that circumstantial evidence cannot support a guilty verdict. However, he asks us to resolve the case differently than the jury, which evidently seriously questioned the evidence in this case. Yet, the jury did resolve those questions and ultimately convicted appellant. We will not, based upon a cold record, determine that the jury did so wrongly. Indeed, it is the jury's role to weigh the evidence and determine whether it is enough. The jury did so here and we hold the evidence was factually sufficient to support the verdict. We overrule appellant's second point of error.

### Conclusion

We overrule both of appellant's points of error and affirm the judgment of the trial court.