Affirmed and Opinion filed February 7, 2006









Affirmed
and Opinion filed February 7, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00870-CR

____________

 

DAVID WAYNE BLACK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
Judicial District

Harris County, Texas

Trial Court Cause No. 969,479

 



 

O P I N I O N

A jury found appellant, David Wayne Black,
guilty of burglary of a building. 
Appellant pleaded true to two enhancement paragraphs.  The jury assessed punishment at twelve and one-half
years= imprisonment and
a $100 fine.  On appeal, appellant raises
two points of error: (1) the court erroneously failed to instruct the jury on
the lesser-included offense of criminal trespass; and (2) the evidence was
legally and factually insufficient to convict. 
We affirm.  








Factual and Procedural History

On November 26, 2003, an alarm tripped,
notifying a Spring Branch I.S.D. dispatcher that someone had entered schoolroom
18 at a local elementary school.  The
dispatcher then radioed a Spring Branch I.S.D. officer and a constable.  Both responded to the call and went to the
school.  The alarm continued to indicate
someone was in the room until the officers arrived.  When they arrived, it was approximately 1:00
a.m.  Officers found appellant four to
five feet away from the broken window of room 18.  At all times, appellant was cooperative and
did not attempt to escape.  

Once appellant was in custody, one of the
officers searched the school.  Part of
the purpose behind this search was to test the alarm system.  No one was found in the school and the alarm
system was functioning normally.  The
school is completely fenced in and though there are several gates, only one was
open at the time of the burglary.  Room
18 is located in an area of the school that has no outlet.  The officers searched this area and no one
else was present.

One of the officers noticed that one of
the pieces of glass from the window had a shoe print on it.  Appellant willingly gave his shoes to the
officers for a comparison.  After comparison,
the two officers originally at the scene, and another who came later,
determined that appellant=s shoe had made the print. The officers also found a CD player on the
ground outside of room 18, and a computer system stacked and Aready to go@ on the window
ledge inside the room.  No prints of any
kind were found on the computer, the CD player, or anywhere inside the
classroom.  








Appellant was indicted for burglary of a
building.  Before the trial leading to
this appeal, the State previously tried appellant for this offense.  However, the jury in that case could not
reach a verdict.  On retrial, a different
jury convicted appellant.  After pleading
true to two enhancement paragraphs, the jury sentenced appellant to twelve and
one-half years= imprisonment and a $100 fine.  Before the jury received instructions in the
guilt-innocence phase of the trial, appellant requested an instruction on the
lesser-included offense of criminal trespass. 
The court denied that request.  

Analysis

I.        Lesser-Included
Offense

A court will not instruct the jury on a
lesser-included offense unless a two-prong test is satisfied.  First, the lesser-included offense must be
included in the proof necessary to establish the offense charged.  Rousseau v. State, 855 S.W.2d 666, 672B73 (Tex. Crim.
App. 1993).  Second, some evidence must
exist in the record that would permit the jury rationally to find that if the
defendant is guilty, he is guilty of only the lesser offense.  Id. at 673.  The Court of Criminal Appeals, along with
this court, has declared certain crimes to be lesser-included offenses of other
crimes.  Conversely, we have held also
that some crimes can never been lesser-included offenses of other crimes.  The latter is true here.

As an initial matter, the State argues in its briefing that
it is unclear whether appellant is asking for the lesser-included offense of
criminal trespass of a building, or of property.  Because appellant=s briefing focuses on facts related
only to being on the property illegally, we understand his argument to be only
that criminal trespass of property can be a lesser-included offense of burglary
of a building.  However, we already have
rejected appellant=s argument.  See Lowe v. State, 2001 WL 726344, *2
(Tex. App.CHouston [14th Dist.] June 28, 2001, no
pet.) (per curiam) (not designated for publication); see also Johnson
v. State, 665 S.W.2d 554, 556 (Tex. App.CHouston [1st
Dist.] 1984, no pet.).  








Appellant directs our attention to cases
stating generally that criminal trespass is a lesser-included offense of
burglary.  See Day v. State, 532
S.W.2d 302, 306 (Tex. Crim. App. 1975); Wyble v. State, 764 S.W.2d 927,
929 (Tex. App.CAmarillo 1989, pet. ref=d) (citing Day).  Those cases are not controlling here.  We do not disagree that criminal trespass of
a building is a lesser-included offense of burglary of a buildingCthe situation in Day.  532 S.W.2d at 306 (laying out the elements of
criminal trespass as including remaining on property or in a building).  Yet, as we and our sister court have
explained, the Legislature=s use of the word Abuilding@ as opposed to Aproperty@ in the criminal
code is not meaningless.  See Lowe,
2001 WL 726344 at *2; Johnson, 665 S.W.2d at 556.  The legislature did not intend for trespass
of property surrounding a building to be a lesser-included offense of burglary
of a building because the term Abuilding@ encompasses only
the structure, not the surrounding property. 
See Lowe, 2001 WL 726344 at *2; Johnson, 665 S.W.2d at
556.  Thus, because an element of
burglary of a building does not include the same entry element of the lesser
offense of criminal trespass of property, the latter cannot be a
lesser-included of the former.  See
Johnson, 665 S.W.2d at 556. 
Appellant cannot satisfy the first prong of Rousseau.  Accordingly, we overrule appellant=s first point of
error.

II.       Sufficiency
of the Evidence

In his second point of error, appellant
raises both a legal and factual sufficiency challenge.  We take each in turn.  

A.      Legal
Sufficiency

In a legal sufficiency challenge, we employ the familiar
standard of viewing the evidence in the light most favorable to the
verdict.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).  If any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt, we will affirm. 
Id.  Viewing the
evidence through the appropriate prism, we hold the evidence was legally
sufficient.








Section 30.02 of the Texas Penal Code
defines burglary of a building as entering a building not then open to the public
without effective consent and with the intent to commit theft.  Tex.
Pen. Code ' 30.02(a)(1).  Evidence the State presented at trial was
undisputed.  The school=s assistant
principal testified that the school is not open to the public at night, the
school is entirely fenced in, and appellant did not have permission to be on
the premises, much less in the building. 
Appellant was outside of the broken window and no other persons were
found on the property or in the school. 
Testimony from dispatchers and officers indicated that someone had been
in only room 18 until the officers arrived and exited as officers approached
the building.  Put together, the evidence
showed appellant had been in room 18, by himself, and had exited the room just
before officers found him.  Additionally,
appellant=s shoe print was found on broken glassCthe glass broken
to gain entry into the school.  Just
inside of the window was a computer system, stacked and Aready to go.@  Viewed in the light most favorable to the
verdict, the evidence is legally sufficient to prove appellant=s illegal entry
into a building with the intent to commit theft of school property.  

B.      Factual
Sufficiency

We also employ familiar standards of
review to analyze appellant=s factual
sufficiency challenge: reviewing all of the evidence to determine whether the
jury was Arationally justified in finding guilt
beyond a reasonable doubt.@  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We view the
evidence in a neutral light, without the prism of the light most favorable to
the verdict.  Id. at 481.  The evidence may be factually insufficient in
two ways: (1) though legally sufficient, it may be too weak to support a
finding of guilt beyond a reasonable doubt; and (2) when balanced against the
evidence supporting the verdict, the contrary evidence may be so strong that
the beyond-a-reasonable-doubt standard could not have been met.  Id. at 484B85.  As an appellate court, we defer to the jury=s role as fact
finder, particularly in areas of witness credibility, demeanor, and the weight
to be given conflicting testimony.  Id.
at 481 (ADeference is given
to the jury verdict, as well as to determinations involving the credibility and
demeanor of witnesses.@).  








As an initial matter, there is no contrary
evidence in this case.  Thus, we view the
evidence to determine only if it were too weak to support a finding a
guilt.  We hold that it was not too
weak.  We have outlined already the
evidence supporting the verdict. 
Although appellant accurately presents a host of additional pieces of
evidence by which the State could have proved the crime, he does nothing to
undermine the evidence actually presented at trial.  Specifically, appellant notes that he was not
in possession of any stolen items when found, there is no direct evidence that
a human was ever in the schoolroomCas opposed to an
animal of some sortC, and there was no evidence as to whether
the computer on the inside window ledge or the equipment outside on the ground
was school property.  Further, appellant
notes that a previously-empaneled jury was unable to reach a verdict.  Although convicted by the second jury, it was
not until it sent out several notes asking a series of questions.

Put together, appellant=s argument is that
the State=s case was simply too weak.  We disagree. 
Appellant does not argueCas he could not
successfullyCthat circumstantial evidence cannot
support a guilty verdict.  However, he
asks us to resolve the case differently than the jury, which evidently
seriously questioned the evidence in this case. 
Yet, the jury did resolve those questions and ultimately convicted
appellant.  We will not, based upon a
cold record, determine that the jury did so wrongly.  Indeed, it is the jury=s role to weigh
the evidence and determine whether it is enough.  The jury did so here and we hold the evidence
was factually sufficient to support the verdict.  We overrule appellant=s second point of
error.

Conclusion

We overrule both of appellant=s points of error
and affirm the judgment of the trial court.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed February 7, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Publish C Tex. R. App. P. 47.2(b).