Affirmed and Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00861-CR

___________________

 

Ramon Penaloza, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 209th District Court

Harris County,
Texas



Trial Court Cause No. 1230950

 



 

 

OPINION

Appellant
Ramon Penaloza was convicted on one count of aggravated robbery. Punishment was
assessed at thirty-three years’ imprisonment. In a single issue, he contends
the trial court erred by refusing to submit an instruction on the
lesser-included offense of robbery. We affirm.

The complainant,
Christina Alvarez, was sitting in her car preparing to leave her apartment when
a tan SUV pulled in behind her, blocking her exit. Appellant and another man
approached her as she waited inside, flanking her on either side of the
vehicle. Assuming that she was a drug dealer, the men demanded money from a
large drug transaction they believed had taken place earlier that day. When
Alvarez denied being a drug dealer, appellant called her a liar and demanded to
know her apartment number. After she answered, appellant removed the keys from
her vehicle and ordered her into the waiting SUV. As she was escorted away,
Alvarez caught a glimpse of the vehicle’s license plate number. She also
observed a black handgun in appellant’s pocket.

Appellant’s partner,
Leodegario Rueda, ransacked the apartment while Alvarez remained captive in the
SUV. Rueda never uncovered the money he believed Alvarez possessed, but he did
return to the vehicle with a number of her personal effects, including a
television and a digital camera. After the belongings were loaded into the SUV,
appellant received a phone call indicating that Alvarez was “the wrong girl.”
Appellant then returned Alvarez her keys and told her she was free to go.
Alvarez testified that when she was released, appellant instructed her “not to
look back or to look at the vehicle or he’s going to shoot me from the back
with the gun.”

Following her release,
Alvarez contacted the police and reported her attackers. At the beginning of
her 911 call, she mentioned that she had just been “held at gunpoint.” Later
during the call, the following exchange occurred:

Dispatcher:    Okay, and they did have, uh, guns?

Alvarez:         I saw one gun --

Dispatcher:    One?

Alvarez:         Yeah,
I don’t know if it was a toy gun, and I probably doubt it, but I was only
trying to find --

Dispatcher:    One? One had a gun?

Alvarez:         I only saw one. Yes, ma’am.

Alvarez also indicated
that her attackers’ vehicle was a sand-colored Chevy Suburban, with license
plate 49HNR8. Based on that description, police ultimately stopped a tan Chevy
Tahoe, bearing a similar license plate of 48HHR9. Inside the Tahoe were
appellant, Rueda, and Alvarez’s personal property. A search of the vehicle also
revealed two loaded weapons hidden beneath the center console. At trial,
Alvarez identified one of the weapons as the gun she had seen in appellant’s
pocket. Alvarez also explained that she initially questioned the authenticity
of the gun to the 911 dispatcher because she was not very familiar with
firearms.

During the jury charge
conference, appellant objected that the charge only contained an instruction
for aggravated robbery. Appellant requested that the charge also have an
instruction on the lesser-included offense of robbery. The objection was
overruled. In his sole issue, appellant contends the trial court erred by
denying his request for an instruction on the lesser-included offense.

We review the trial court’s decision regarding the
submission of a lesser-included offense for an abuse of discretion. Jackson
v. State, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005). The trial court
abuses its discretion when its decision is arbitrary, unreasonable, or without
reference to any guiding rules or principles. Makeig v. State, 802
S.W.2d 59, 62 (Tex. Crim. App. 1990). Because the trial court has no discretion
in determining the applicable law, the trial court also abuses its discretion
when it fails to analyze the law correctly and apply it to the facts of the
case. State v. Kurtz, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004).

We apply a two-prong test when determining whether a
defendant is entitled to an instruction on a lesser-included offense. Rousseau
v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); Royster v. State,
622 S.W.2d 442, 444 (Tex. Crim. App. 1981); Black v. State, 183 S.W.3d
925, 927 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d). First, the lesser-included
offense must be included within the proof necessary to establish the charged
offense. See Tex. Code Crim. Proc. Ann. art. 37.09 (West 2010); Flores
v. State, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). Second, some evidence
must exist in the record that would permit a jury to rationally find that if
the defendant is guilty, he is guilty of only the lesser-included offense. Aguilar
v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

The first prong is met in this case. Robbery is a
lesser-included offense of aggravated robbery. See Little v. State, 659
S.W.2d 425, 425–26 (Tex. Crim. App. 1983); Williams v. State, 240 S.W.3d
293, 299 (Tex. App.—Austin 2007, no pet.). The elements of these
offenses are the same except that aggravated robbery requires an additional
finding that the defendant used or exhibited a deadly weapon. See Tex.
Penal Code Ann. §§ 29.02, 29.03 (West 2010). Therefore, with the first prong
satisfied, we must only determine whether there was some evidence presented
from which a jury could rationally find that appellant is guilty of robbery but
not guilty of aggravated robbery. See Hernandez v. State, 171 S.W.3d
347, 351 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).

In connection with the second prong, anything more
than a scintilla of evidence is sufficient to entitle a defendant to a charge on
the lesser-included offense. Dobbins v. State, 228 S.W.3d 761, 768 (Tex.
App.—Houston [14th Dist.] 2007, pet. dism’d). We do not consider the weight or
credibility of the evidence, or whether it conflicts with other evidence. Saunders
v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992) (per curiam).
Regardless of its strength or weakness, if the evidence establishes the
lesser-included offense as a “valid, rational alternative to the charged
offense,” then the charge must be given. Forest v. State, 989 S.W.2d
365, 367 (Tex. Crim. App. 1999); Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994).

Appellant argues that he was entitled to an
instruction on robbery because there was more than a scintilla of evidence
showing that he did not use or exhibit a deadly weapon. Specifically, he relies
on the 911 call, in which Alvarez questioned whether the weapon she observed
may have been a toy gun. Because neither side requested an instruction limiting
the jury’s consideration of this evidence, it was admitted for all purposes. See
Delgado v. State, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).

Texas courts have examined a number of cases where a
witness testified that a toy gun may have been used in the commission of an
offense. Generally, this testimony arises through concessions by the
complaining witness during cross-examination, or through claims of prior
inconsistent statements issued by third parties. See, e.g., Wilhoit
v. State, 638 S.W.2d 489, 499 (Tex. Crim. App. 1982) (regarding as
impeachment evidence testimony from investigating officer that complainant
previously said she “most likely thought it was a toy type gun”); Rogers v.
State, 795 S.W.2d 300, 303, 305 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d) (concluding that concession on cross-examination was not evidence of a
lesser-included offense). In such cases, courts have typically treated the
evidence of a toy gun as evidence admitted solely for purposes of impeachment. See
Wilhoit, 638 S.W.2d at 499. Because impeachment evidence is not direct,
substantive evidence that a deadly weapon was not used or exhibited, testimony
that a weapon could have been a toy is often held to be insufficient to warrant
an instruction on the lesser-included offense.[1]
Id.

The evidence in this case differs from that
considered in other opinions on this issue because the 911 call was published
during the complainant’s direct examination and it was not admitted for
purposes of impeachment. Moreover, Alvarez was questioned by both the
prosecutor and defense counsel as to the reasons why she indicated that the gun
may have been fake. During both examinations, she conceded that at the time of
her statement, she was uncertain as to the authenticity of the weapon because
she had not seen many guns and she was generally unfamiliar with firearms. This
evidence merely established that Alvarez was unsure as to whether the gun was
real; it was not evidence affirmatively showing that the weapon was a toy gun.[2] Cf. Massey v.
State, 933 S.W.2d 141, 155 (Tex. Crim. App. 1995) (“That a witness agrees
that anything is possible and that he cannot be 100 percent certain of anything
does not raise evidence for purposes of a lesser included offense.”).

To be entitled to an instruction on robbery, the
record must contain affirmative evidence that a deadly weapon was not used. See
Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), abrogated
on other grounds by Grey v. State, 298 S.W.3d 644 (Tex. Crim. App. 2009); see
also Lawrence v. State, 783 S.W.2d 789, 793 (Tex. App.—El Paso 1990, no
pet.) (“[A] defendant must be able to point to some evidence from some source
which affirmatively reflects the weapon was not
deadly . . . .”). No toy guns were ever recovered in this
case, and appellant never produced any evidence on the use or exhibition of toy
guns. Because the record does not contain affirmative evidence that a deadly
weapon was not used, we conclude that the trial court did not abuse its
discretion in refusing to submit a charge on robbery. See Dobbins, 228
S.W.3d at 768 (requiring that the record contain evidence “directly germane” to
the lesser-included offense). 

 

Accordingly, we overrule appellant’s sole issue and
affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Brown, and
Christopher.

Publish — Tex. R. App. P.
47.2(b).









[1] Though not binding on
this court, we acknowledge that a number of unpublished memorandum opinions
have approached this issue in similar fashion. See Morales v. State,
No. 14-10-00261-CR, 2011 WL 1375573, at *2 (Tex. App.—Houston [14th Dist.] Apr.
12, 2011, no pet.) (mem. op., not designed for publication) (treating as
impeachment evidence concession from complaining witness that he did not know
for certain whether the gun was real); Hosea v. State, No.
14-08-00337-CR, 2009 WL 6338617, at *3 (Tex. App.—Houston [14th Dist.] Oct. 6,
2009, pet. ref’d) (mem. op., not designated for publication) (treating as
impeachment evidence testimony on cross-examination that weapon may have been a
toy gun or BB gun); see also Thomas v. State, Nos. 02-09-00441-CR &
02-09-00442-CR, 2011 WL 1833112, at *3 (Tex. App.—Fort Worth May 12, 2011, no
pet. h.) (mem. op., not designated for publication) (holding that testimony
that witness was unfamiliar with guns merely served as impeachment evidence
regarding the witness’s credibility); Briscoe v. State, No.
14-89-00713-CR, 1990 WL 79845, at *1 (Tex. App.—Houston [14th Dist.] June 14,
1990, pet. ref’d) (mem. op., not designated for publication) (holding that
testimony that complainant was unsure if the gun was a toy or deadly weapon was
insufficient to establish that a firearm was not used in the commission of the
offense).





[2] Thus, even if we were to
consider the 911 call a prior inconsistent statement admitted for all purposes,
rather than impeachment, the evidence would still be insufficient to show
affirmatively that a deadly weapon was not used. See Navarro v. State,
280 S.W.3d 405, 406–07 (Tex. App.—Amarillo 2008, no pet.) (observing that not
all prior inconsistent statements must be used strictly for purposes of
impeachment).