ACCEPTED
06-14-00102-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/5/2015 10:08:58 AM
DEBBIE AUTREY
CLERK

No. 14-00102-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 9:26:00 AM
DEBBIE AUTREY
Clerk

**IN THE SIXTH COURT OF APPEALS
TEXARKANA, TEXAS**

**TYRELL SMITH**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee.**

**Appealed from the 71ˢᵗ District Court of
Harrison County, Texas
Trial Cause No. 12-0351X**

**APPELLEE'S BRIEF**

Timothy J. Cariker
Assistant District Attorney
State Bar No. 24009942
Harrison County District Attorney's Office
200 West Houston Street
Marshall, Texas 75670
Telephone: 903-935-8408

ATTORNEY FOR APPELLEE
STATE OF TEXAS

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.      Presiding Judge:          Honorable Brad Morin
                                          71st Judicial District
                                          Marshall, Texas 75670

2.      Appellant:                   Tyrell Smith

3.      Appellant's Counsel (at trial):          Rick Hulburt
                                                               Attorney at Law
                                                               222 N. Fredonia
                                                               Longview, Texas 75601

4.      Appellant's Counsel (on appeal)          Scott Rectenwald
                                                               Attorney at Law
                                                               110 W. Fanin Street
                                                               Marshall, Texas 75670

5.      State's Counsel (at trial):          Shawn Eric Connally
                                                        Tommy Jackson
                                                        Assistant District Attorneys
                                                        Harrison County District Attorney
                                                        200 West Houston Street
                                                        Marshall, Texas 75670

6.      State's Counsel (on appeal):          Timothy J. Cariker
                                                            Assistant District Attorney
                                                            Coke Solomon
                                                            District Attorney
                                                            Harrison County District Attorney
                                                            200 West Houston Street
                                                            Marshall, Texas 75670

i

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................................i

Table of Contents ......................................................................................................................ii

Index of Authorities ................................................................................................................1

Issues Presented………………………………………………………………………….2

      I.       THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR WHEN IT DECLINED TO INCLUDE THE OFFENSE OF CRIMINAL TRESSPASS IN APPELLANT'S JURY CHARGE

Statement of the Case ................................................................................................................3

Statement of Facts....................................................................................................................4

Summary of Argument...............................................................................................................6

Argument and Authorities

      I.       THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR WHEN IT DECLINED TO INCLUDE THE OFFENSE OF CRIMINAL TRESSPASS IN APPELLANT'S JURY CHARGE

           A.     Overview…………………………………………………………………..7
           B.     Theory for Request at Trial……………………………………………..…….7
           C.     Theory for Request on Appeal…………………………………………………8

Prayer for Relief........................................................................................................................10

Certificate of Compliance…………………………………………………………..………10

Certificate of Service.................................................................................................................11

# INDEX OF AUTHORITIES

**Texas Court of Criminal Appeals**

*Aguilar v. State*, 682 S.W. 2d 556 (Tex. Crim. App. 1985)…………………………………8, 9

*Day v. State,* 532 S.W. 2d 302, (Tex. Crim. App. 1976)…………………………………………..8

*Goad v. State,* 334 S.W. 3d 443 (Tex. Crim. App. 2011)………………………………………….8

*Mitchell v. State*, 807 S.W. 2d 740 (Tex. Crim. App. 1991)…………………………………………8

*State v. Meru*, 414 S.W. 3d 159 (Tex. Crim. App. 2013)………………………………………….9

**Texas Court of Appeals**

*Black v. State*, 183 S.W. 3d 925 (Tex. App. [14[th] Dist.] 2006, pet ref'd)……………………….7, 8

*Johnson v. State*, 665 S.W. 2d 554 (Tex. App. – Houston [1[st] Dist.] 1984, no pet.)…………7, 8

**ISSUES PRESENTED**


I. **THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR WHEN IT DECLINED TO INCLUDE THE OFFENSE OF CRIMINAL TRESSPASS IN APPELLANT'S JURY CHARGE**

## STATEMENT OF THE CASE

The Appellant was charged by indictment with the offense of Burglary of a Building. (CR2). Prior to voir dire the Appellant elected to proceed pro se and counsel was appointed to act as 'shadow counsel'. (RR 2-20). On January 7, 2014 testimony commenced, but the Appellant was not present and shadow counsel assumed the role of trial counsel. (RR 3-9). At the conclusion of the trial the Appellant was found guilty. (RR 3-268). The jury assessed punishment at 24 months incarceration in the State Jail Division of the Texas Department of Criminal Justice, and the assessed a $10,000.00 fine. (RR 3-186).

**STATEMENT OF FACTS**

Philip Allen testified that in the early afternoon of June 9th, his son noticed a reflection of light on the storm door of the little rental cottage that they owned near their home. (RR 3 22-23). No one had been over to the cottage in several days, and the cottage was usually closed up. He walked about 125yards from his home to the cottage to investigate. (RR 3, 24). He attempted to call 911, but the call did not go through, so he then called his father-in-law and let him know that he suspected somebody was down their road. *Id.*

Mr. Allen then noticed a gold or bronze Buick Road Master parked about 100 yards away, and he made another attempt to call 911, finally getting through, and giving the dispatcher the license plate number of the car. (RR 3, 25). While on the phone with the dispatcher, Mr. Allen saw a person walk out if the woods to the Buick (State's Exhibit 1 and RR 3, 28), which he later identified as the Appellant. (RR, 3 29, State's Exhibit 3). Appellant exited the woods along the pipeline right of way (RR 3. 46), not more than ten yards from the Buick (RR 3, 47). The trunk of the Buick was closed (RR 3, 46). He attempted to make contact with the Appellant, but te Appellant sped off. (RR 3, 29). Allen's father in law attempted to bock the Buick on their road, but was unsuccessful. (RR 3, 31). An air conditioning unit, a mitre saw and a camp stove that had previously been in the cottage were lying in the front yard. (RR 3, 27). The items were located on the north side of the house (RR 3, 38), and because it had been several days since they had been to work on the house, Mr. Allen could not positively say that the items had been left in the yard on that particular day. (RR 3, 39). He did state that he did not believe the items were removed before the day of the incident and that they were removed that day. (RR 3, 53). Additionally, the front door to the cottage was left unlocked, and when Mr. Allen approached the house, he did not see anybody in the house. (RR 3, 38). Mr. Allen

4

could see the only two doors to the house as he approached it (RR 3, 39-40) and never saw anybody running from the house (RR 3, 48).

Don Dowdell, Mr. Allen's father in law, only saw the Appellant as he left the location. When he received a call from his son in law, he parked near Highway 59 and Loden Road, and observed the parked gold/bronze Buick. (RR 3, 59). He observed a man coming out of the woods, getting into the Buick and speeding off. Id. Mr. Dowdell attempted to block the person to detain him until law enforcement arrived. (RR 3, 60). The Appellant sped off by him at a high rate of speed and went north in the south bound lanes of the highway. (RR 3, 59). Mr. Dowdell late identified the Appellant as the person in question from a police lineup. (RR 3, 61, State's Exhibit 4). As he observed the Appellant walking to the vehicle, the Appellant appeared to be alone, not carrying any tools, the Appellant did not appear to be sweaty or carrying any tools. (RR 3, 70-71).

No useable fingerprints were found in items at the cottage (RR 3, 80), and no footprints were noted around the cottage. (RR 3, 109). Furthermore, no open windows were noted at the cottage. (RR 3, 105-107). However, the license plate number that Phillip Allen provided to police turned out to be a dealer's tag from GT & Sons Auto. (RR 3, 80), and GT personnel advised that the vehicle had been sold to the Appellant. (RR 3, 81).

During the charge conference, trial counsel requested that an instruction on the lesser included offense of criminal trespass be included in the charge. (RR 3, 145-146). The request was denied. (RR 3, 146).

**SUMMARY OF ARGUMENT**

Having been convicted of burglary of a building, Appellant's sole complaint on appeal is that the trial court erred in denying his request that a criminal trespass instruction should have been included in the jury charge. At trial the request was based on the argument that if he was guilty of anything it was trespassing on the land surrounding the building. Prior decisions of other Courts do not support this position.

On appeal the Appellant expands his argument and argues that it should have been included because the evidence shows that if he was guilty of anything it was trespassing to the building. This argument is flawed for two reasons. First, there is no evidence to support it, and second, the Court of Criminal Appeals has issued a recent decision holding that criminal trespass is not a lesser included offense to burglary.

**I.    THE TRIAL COURT DID NOT COMMIT REVERSIBLE ERROR WHEN IT DECLINED TO INCLUDE THE OFFENSE OF CRIMINAL TRESSPASS IN APPELLANT'S JURY CHARGE**

**A.)    Overview**

In an effort to aid the reader and promote brevity, Appellee provides this overview.  At the outset, Appellee agrees with the Appellant's presentation of the steps required to analyze a lesser included offense issue.  As such they are not included in the Appellee's brief.

Appellee disagrees with how the Appellant applies his facts to the analysis.  Appellee will demonstrate why the court was correct in denying the request for criminal trespass.

**B.)    Theory for Request at Trial**

At trial counsel said "The only thing we request is that lesser included offense of criminal trespass based on the testimony that my client was, I guess, around the driveway area of their land and the evidence wasn't that he was ever seen in the house".  (RR 3, 145).  Based on this it appears counsel was asking for an instruction based on criminal trespass to property.

The general rule is criminal trespass to property is not a lesser included offense to a charge of burglary. ***Johnson v. State***, 665 S.W. 2d 554 (Tex. App. – Houston [1st Dist.] 1984, no pet.); Black

7

*v. State*, 183 S.W. 3d 925 (Tex. App. [14th Dist.] 2006, pet ref'd). The reason for this holding is based on how the term building is defined as only encompassing the structure and not the surrounding property. As such the entry element is different and it cannot be a lesser included. *Johnson*, at 556, *Black* at 927. Based on this, the trial court committed no reversible error in denying the request, and the conviction should be affirmed.

### C.) Theory of Request on Appeal

On Appeal, the Appellant expands on his reason why he was entitled to the lesser included charge and argues that there was evidence that tended to prove that he did not commit, nor attempt to commit theft. To support this argument he asks the Court to look at *Day v. State,* 532 S.W. 2d 302, (Tex. Crim. App. 1976) and *Goad v. State,* 334 S.W. 3d 443 (Tex. Crim. App. 2011). In addition to these two, the Appellee submits *Mitchell v. State*, 807 S.W. 2d 740 (Tex. Crim. App. 1991) for the Court's review. In each of these cases there was some evidence that the Appellant was in the building for a reason other than to commit theft. The evidence is as follows:

*Day:* Accused testified he saw door open and had entered to investigate;

*Goad:* Hearsay statements attributed to accused that he had entered looking for his dog;

*Mitchell:* Accused testified that he had entered to escape from an assailant.

In the Appellant's case there was no evidence in the record placing him in the building to support the claim that he had criminally trespassed. In many ways the Appellant's case is similar to *Aguilar v.*

8

*State*, 682 S.W. 2d 556 (Tex. Crim. App. 1985). In *Aguilar*, police responded to a burglary in progress call. Upon arriving on the scene, they encountered the accused who fled on foot. In holding that the accused was not entitled to the lesser included offense, it stated that there must be some evidence that the accused was guilty only of the lesser offense. In the Appellant's case since there is no evidence that, if he is guilty, he is only guilty of the lesser offense then his conviction should be affirmed.

Assuming arguendo, the Court finds a scintilla of evidence that may support a request for a lesser included, the Appellee submits Appellant was not entitled to it based on the recent ruling by the Court of Criminal Appeals in *State v. Meru*, 414 S.W. 3d 159 (Tex. Crim. App. 2013). In *Meru* the Court held that as long as the State used the generic term 'enter' in the indictment that criminal trespass could not be included because as defined by statute 'enter' required greater entry in the form of the whole body, under criminal trespass than it did under burglary in the form of only part of the body.

In the Appellant's case, the State used the generic term enter in the indictment. Based on the reasoning and holding in *Meru* the Appellant was not entitled to the requested instruction, and the conviction should be affirmed.

**PRAYER FOR RELIEF**

Based on the foregoing, the Appellee prays that the Appellant's point of error be overruled and judgment be affirmed.

<div style="margin-left:40%">

Respectfully Submitted,

Timothy J. Cariker, Assistant District Attorney
Harrison County District Attorney
200 West Houston Street
Marshall, Texas 75670

/S/ *Timothy J. Cariker*
By:_____
Timothy J. Cariker
State Bar No. 24009942

</div>

**CERTIFCATE OF COMPLIANCE**

I certify that this brief contains <u>2180</u> words according to the computer program used to prepare this document.

<div style="margin-left:40%">

/S/ *Timothy J. Cariker*
By: _____
Timothy J. Cariker

</div>

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been delivered to Scott Rectenwald at 110 W. Fannin St, Marshall, Texas 75670, counsel of record, on this the 4th day of April, 2015.

/S/ *Timothy J. Cariker*

_____

Timothy J. Cariker

11