Antonio S. SOLIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 60669, 60670.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 31, 1979.

Rehearing En Banc Denied Nov. 28, 1979.

George A. Scharmen, Universal City, for appellant.

Bill M. White, Dist. Atty., Wayne Hampton and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

OPINION

DALLY, Judge.

Cause No. 60,670 is an appeal from a conviction for attempted burglary of a habitation. The punishment was assessed at imprisonment for seven years. Cause No. 60,669 is an appeal from a revocation of probation. Appellant was originally convicted on November 24, 1975, for attempted burglary of a habitation and the punishment was assessed at imprisonment for six years, probated. On July 18, 1977, the State filed a motion to revoke probation alleging the same criminal conduct which was the subject of the indictment in No. 60,670. The district court joined the revocation hearing with the trial on that indictment, found that appellant had violated a term of his probation, and imposed sentence.

In four grounds of error, appellant contends that the evidence is insufficient to support either the conviction or the revocation of probation. The indictment charged, in pertinent part, that on June 9, 1977:

"ANTONIO S. SOLIS did then and there, with intent to commit theft, intentionally and knowingly attempt to enter a habitation, having at the time the specific intent to commit the offense of burglary, by REMOVING A WINDOW SCREEN FROM SAID HABITATION, without the effective consent of REDEN ALFORD, the owner . . .."

The allegation in the motion to revoke probation was not materially different from the allegation in the indictment.[1]

The essential facts of this case are not in dispute. On June 9, 1977, at about 6:00 p.m., Mrs. Ella Pierce was conversing with Mrs. Opal Crutcher and Mrs. Alice Fisher in the front yard of Mrs. Fisher's home. Mrs. Fisher lived on the block next to Mrs. Pierce and the front of Mrs. Pierce's home was plainly visible from Mrs. Fisher's yard. All three of these women observed a man, subsequently identified as appellant, stooping in front of the front window of Mrs. Pierce's house. Appellant then went up on Mrs. Pierce's front porch and tried to open the screen door, which did not open, apparently because it was latched from the inside. Appellant then walked into Mrs. Pierce's driveway and disappeared from view as he walked toward the back yard. Mrs. Pierce returned to her home to find out what appellant was doing and met appellant coming back into her front yard. Appellant told her he was looking for an apartment and Mrs. Pierce informed him that "there is no apartments around here, specially in my backyard." Appellant then walked off down the street.

After appellant left, Mrs. Pierce looked at the place where she had first seen appellant stooping near her front window and found a window screen lying on the lawn. She recognized that the screen was not from her house but instead was from the house next door, owned by Reden Alfred. Mrs. Pierce went next door and notified Mr. Alfred, who discovered that a screen was indeed missing from one of his windows. There was no indication that anyone had actually entered the Alfred house and, although a purse was about three feet from the window, the Alfreds reported that none of their property was missing or disturbed in any way. The Alfreds contacted the police about the incident.

The police had already apprehended the appellant as a suspect in several burglaries reported earlier that day. After receiving

---

[1]. We note that the motion to revoke probation gives the name of the owner of the habitation as "Alford Reden," rather than Reden Alford. The trial testimony gives the name of the owner as "Reden Alfred." Appellant does not complain of this variance on appeal and he did not raise the issue at trial. Nothing is presented for review.

the call from the Alfreds the police drove appellant to the scene, where he was positively identified by Mrs. Pierce. Appellant was then arrested and he subsequently made a statement which was introduced at trial. That statement reads, in pertinent part, as follows:

"On June 09, 1977 at about 5:50 or 6:00 P.M. I was walking up the side street towards Steves St. [the street of the Alfred and Pierce homes]. When I got to Steves I turned to the right and walked up the sidewalk. I looked around the intersection but I did not see anyone between the corner house [the Alfred house] and the one next to it [the Pierce house]. The windows were already open to a bedroom. I removed the screen from the bedroom window. I took it back towards the street between the houses. I walked across the grass lawn of the house next door and half way up the drive way. I looked back and saw this old woman coming across the street from the corner. I then walked back towards the front of her house on the lawn. When the old lady got up close to me she asked me what I was doing at her house. I did not tell her notheing [sic] I just walked off . . . .."

The defense presented no evidence except to contest the voluntariness of appellant's statement, an issue which is not assigned as error by appellant on this appeal.

■ Viewing the evidence in the light most favorable to the judgment of the trial court, the evidence is sufficient to show that appellant removed a screen from the bedroom window of the Alfred home, walked to the front of the Pierce residence, put the Alfred screen down on the Pierce lawn, walked into the Pierce driveway and back to the front yard, talked to Mrs. Pierce, and walked away. This evidence is sufficient to show that an attempt was made to enter the Alfred home since removal of the screen is an act amounting to more than mere preparation. See V.T.C.A. Penal Code, Sec. 15.01.

■ The State must also prove beyond a reasonable doubt that appellant removed the screen with the specific intent to commit a burglary with intent to commit theft. The evidence for this element is obviously circumstantial. The State argues correctly that an intent to commit theft will be presumed if the attempted entry occurred at night. *Hines v. State*, 458 S.W.2d 666 (Tex. Cr.App.1970). The record does not show that this entry occurred at night. Night, as related to burglary or theft at night, traditionally means any time from thirty minutes after sunset to thirty minutes before sunrise. *Wilson v. State*, 103 Tex.Cr.R. 403, 281 S.W. 844 (Tex.Cr.App.1926). The time was approximately 6:00 p. m. on June 9, 1977. There was no evidence about the amount of daylight at that time; however, United States Weather Bureau information indicates that sunset on June 9, 1977, in San Antonio was at approximately 8:32 p. m. The State also argues, with some authority, that flight is an incriminating circumstance. We do not believe the record shows any evidence of flight; further, the police officers' testimony was that at all times appellant cooperated with them "a hundred percent."

■ The only circumstance relevant to proof of appellant's criminal intent is his removal of the screen. We agree with the State that this circumstance would have been more incriminating if appellant had been interrupted at the scene immediately after the removal of the screen. However, the State's own witnesses indicate that appellant, after removing the Alfred screen, did *nothing* further there, although he had not been interrupted or observed, and although a purse was in plain view only a few feet from the window. Instead, appellant took the screen to the Pierce home, placed it on the lawn near the Pierce front window, and attempted to enter the Pierce house before being interrupted by Mrs. Pierce. Appellant is charged with attempting burglary with intent to steal from the *Alfred* home, not the Pierce residence. We conclude that, although the circumstances show that appellant probably intended to enter the Alfred house with intent to commit theft, his behavior after removal of the

screen was sufficiently inexplicable that reasonable doubt remains as to what his *specific* criminal intentions actually were.

 Although we hold that the evidence is insufficient to support the conviction for attempted burglary in No. 60,670, this conclusion does not automatically dictate the same result in deciding whether the trial court abused its discretion in the decision to revoke probation in No. 60,669. The burden of proof for a revocation of probation is proof by a preponderance of the evidence. *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1974). The State must show that the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. Id. The greater weight of the evidence in this case does support a reasonable belief that appellant violated a term of his probation, because the circumstances justify an inference that, more likely than not, appellant intended a burglary with intent to commit theft at the Alfred home at the time he removed their window screen. The revocation finding was not an abuse of the trial court's discretion; we simply decline to hold that this element was proven beyond reasonable doubt.

The judgment in No. 60,670 is reversed and reformed to show an acquittal; the judgment in No. 60,669 is affirmed.