02-11-251-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00251-CV


 
 
 In the Matter of D.M.T.
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

The
State filed a petition alleging in paragraph one that Appellant D.M.T. engaged
in delinquent conduct by violating section 30.02 of the penal code,
specifically by “intentionally or knowingly, without the effective consent of
Princess Hunter, the owner thereof, enter[ing] a habitation with intent to
commit theft.”[2]  See Tex. Penal
Code Ann. § 30.02 (West 2011).  Appellant waived his right to a jury trial and
the case was tried to the court.  The trial court found the allegations in
paragraph one to be true, adjudicated Appellant to be delinquent, and ordered
him committed to the Texas Youth Commission for an indeterminate sentence. 
Appellant now appeals his adjudication of delinquency.  We reform the trial
court’s judgment to reflect a finding of delinquency based on the
lesser-included offense of paragraph one, specifically Class A misdemeanor
criminal trespass, and remand to the trial court for a new disposition hearing.

Background
Facts

During
the morning hours of May 27, 2011, Hunter was on the phone while working in her
home located on Hickory Hill, in Arlington, Texas, when she heard a “banging”
at the front door.  She went to the front door, looked out through the
peephole, and saw a man continuing to bang on the door.  She went to another
room in the front of the house to look out a window and saw a champagne-colored
Dodge Charger drive by.  Hunter returned to her desk, and after about three
minutes, she heard the window in her bedroom open and heard someone climb
through.  Hunter called 911 and, while moving to the front door to leave the house,
saw a shadow coming out of the bedroom.  As she exited the house, she saw a
young man come from her house where the window had been opened and run between
her house and the neighbor’s house.  Hunter yelled at him that she saw him as he
ran down the street.

Hunter
testified that about that same time, her neighbor’s son, Terrence Brown, came
home.  She informed him of what had happened and described the Charger she had
seen.  Brown left to look for the car.

Officers
Marcus Dixon and Roy Mitchell of the Arlington Police Department were driving
in separate cars when they were dispatched to the burglary call.  Both officers
were at the intersection of Collins and Mayfield when a man jumped out of
another vehicle and ran toward their squad cars.  Each officer testified that
the man asked if they were en route to a call on Hickory Hill and that when
they confirmed that they were, the man pointed to a gray Dodge car sitting at
the intersection and identified it, saying, “[T]hat’s the one next to my car.”

The
officers made contact with the three Hispanic males who were in the car, and
after speaking with them briefly, the officers moved everyone to a nearby CVS
parking lot.  At this same time, Officer Frank Smith arrived at the scene and
took command of Appellant, who was in the back left seat of the Dodge car. 
Hunter arrived at the CVS parking lot and identified the vehicle as the one she
saw drive by her house, one of the car’s occupants as the individual who
knocked on her door, and Appellant as the person she saw running away from her
house.

There
was no stolen property found in Appellant’s possession, and Hunter testified
that there was no property taken from her home.  Hunter also testified that she
did not give anyone permission to enter her house on that date.

Standard
of Review

Appellant
claims in his sole issue that the evidence is legally insufficient to support
the adjudication of delinquency.  Although appeals from juvenile court orders
are generally treated as civil cases, we apply a criminal sufficiency standard
of review to sufficiency of evidence challenges regarding the adjudication
phase of juvenile proceedings.  In re M.C.S., Jr., 327 S.W.3d 802, 805
(Tex. App.—Fort Worth 2010, no pet.).  In our due-process review of the
sufficiency of the evidence to support a conviction, we view all of the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010).

A
person commits an offense under penal code section 30.02(a)(1) “if, without the
effective consent of the owner, the person:  (1) enters a habitation . . . with
intent to commit a felony, theft, or an assault . . . .”  Tex. Penal Code Ann.
§ 30.02(a)(1).

Discussion

1.
Identity

Appellant
contends that the evidence is legally insufficient to prove he was the person
who entered Hunter’s residence.  He relies upon discrepancies and assorted
evidentiary inadequacies.  Hunter related at trial that the Dodge she saw drive
by her house was a champagne color while Officer Mitchell testified that
the vehicle was gray, and Officer Smith testified that it was silver.  Hunter
viewed the car the officers detained at the CVS parking lot and identified it
as the car she saw at her home.

Officer
Steve Hall interviewed Hunter at her home on the date of the offense, and he
testified that Hunter reported to him that when the knock occurred at her front
door, she looked through the peephole and saw a black man standing there. 
Hunter did not state that at trial but instead testified that she identified
one of the three Hispanic males removed from the car as the man she saw at her
door.

Hunter
described how Appellant ran away from her house and down the street in the
opposite direction from the intersection where the Dodge Charger was stopped by
the police.  Officer Smith testified that he encountered the Dodge within three
minutes of receiving the call and that Appellant was a back seat passenger at
that time.[3]  Officer Smith, who
arrested Appellant, did not recall that Appellant was sweating, hot, or panting
at the time he was removed from the car.  Appellant argues that because the
alleged burglar was running in a different direction from the location where
the car was encountered, he had no physical signs of having been running, and
was a passenger in the car, the State presented insufficient evidence to
establish his identity as the burglar.

Appellant
also asserts that Hunter only saw a shadow in her hall and could not identify
the person in her home.  He notes that police failed to obtain fingerprints or
footprints from the scene.  Hunter positively identified Appellant, both on the
date of the offense and at trial, as the person she saw fleeing from the scene.

Appellant’s
arguments amount to an attack on the credibility of the State’s witnesses and
the weight to be given to their testimony.  The trier of fact—in this case, the
trial judge—is the sole judge of the credibility of the witnesses and the
strength of the evidence.  See Bonham v. State, 680 S.W.2d 815, 819
(Tex. Crim. App. 1984), cert. denied, 474 U.S. 865 (1985).  When faced
with conflicting evidence, this court “presume[s that] the trier of fact
resolved any such conflict in favor of the prosecution.”  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  The trial judge could weigh the lack
of forensic evidence against the eyewitness testimony.  A reasonable trier of
fact could, on the cumulative evidence presented, find beyond a reasonable
doubt that Appellant was the person who entered Hunter’s house through the
window without her consent.  We overrule that portion of Appellant’s issue.

2.
Intent to commit theft

Appellant
argues that there is legally insufficient evidence to prove that he entered
Hunter’s house with the intent to commit theft.  The intent with which a
defendant enters a habitation is a fact question to be decided based upon the
surrounding circumstances.  Robles v. State, 664 S.W.2d 91, 94 (Tex.
Crim. App. 1984).  Intent is an essential element of burglary of a habitation
that the State must prove; “it may not be left simply to speculation and
surmise.”  LaPoint v. State, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986).

The
State argues only that Appellant’s flight, when startled in the house by
Hunter, is sufficient to infer Appellant’s intent to commit theft.  The State
relies on Gear v. State, 340 S.W.3d 743, 748 & n.9 (Tex. Crim. App.
2011), in which the facts were similar, up to a point, with the present case.  In
Gear, the complainant was home during the day when she heard a rattling
noise and subsequent bangs from a side door that had been nailed shut.  Id.
at 744.  When she went to investigate, she saw the defendant trying to enter
her home through a broken window that had not been broken before she heard the
noises.  Id.  She startled the intruder, who ran.

The
facts then diverge from the present case.  In Gear, the defendant
testified that he thought the house he was entering was abandoned and that he
went to the back of the house to urinate.  Id. at 745.  He further
testified that he may have punched the wall of the house because he was angry
at himself for having quit his job when he had no transportation and only about
a dollar in his pocket.  Id.  At trial, he denied breaking the window. 
During the investigation, the defendant had told the police that he broke the
window when he leaned on it and never said he hit the wall.  Id.  The
court concluded,

On this record, we
decide that a fact finder could reasonably find beyond a reasonable doubt that
the recently unemployed appellant with about one dollar in his pocket intended
to commit theft inside the complainant’s home when he attempted to enter the
home through the window that he had just broken and where the evidence also
shows that appellant ran when interrupted by the complainant and that appellant
gave conflicting and implausible explanations for his actions.

Id. at
747–48.

The
court of criminal appeals distinguished the facts of Gear from those of Solis
v. State, 589 S.W.2d 444 (Tex. Crim. App. [Panel Op.] 1979).  In Solis,
the defendant removed a screen from a window of one house and took it to
another house, set it down, and tried to enter the second house.  Id. at
445.  The trial court convicted Solis of attempted burglary with the intent to
commit theft of the first home.  The court of criminal appeals reversed,
concluding “that, although the circumstances show that appellant probably intended
to enter the [first] house with intent to commit theft, his behavior after
removal of the screen was sufficiently inexplicable that reasonable doubt
remains as to what his [s]pecific criminal intentions actually were.”  Id.
at 446–47.

In
the present case, there is sufficient evidence to support the finding that
Appellant entered Hunter’s house without her consent.  But there is legally
insufficient evidence, when viewed in the light most favorable to the trial
court’s judgment, to support a finding that Appellant intended to commit theft
when he entered the house.  There is no evidence that allows any inference as
to what Appellant intended to do in the house.  It is undisputed that there was
no property removed from or even disturbed inside Hunter’s home and that there
was no stolen property found on Appellant or inside the vehicle.  Case law says
that flight alone is not dispositive of guilt but is a circumstance that, when
combined with other facts, may suffice to show an accused is guilty of an offense. 
Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979) (op. on
reh’g); In re L.A.S., 135 S.W.3d 909, 915 (Tex. App.—Fort Worth 2004, no
pet.).  The cases do not hold, however, that flight is sufficient to show an
accused had the specific intent to commit theft upon unlawfully entering a
habitation versus any other felony.  Flight alone is just as consistent with
the offense of criminal trespass as burglary with intent to commit theft.

In Gear,
in addition to a finding that the defendant was fleeing the scene, the majority
found sufficient circumstances to infer specific intent by relying on evidence
that Gear was unemployed with no transportation and a dollar in his pocket and that
Gear gave untruthful, conflicting, and implausible stories.  340 S.W.3d at
747–48; see Padilla v. State, 326 S.W.3d 195, 201 (Tex. Crim. App. 2010)
(noting that a rational factfinder can consider a defendant’s untruthful
statements, in connection with the other circumstances of the case, as
affirmative evidence of the defendant’s guilt).  Although a combination of
circumstances can give rise to a reasonable inference of an intent to commit
theft, we must apply the rigorous due-process standard of Jackson, 443
U.S. at 318–19, 99 S. Ct. at 2788–89.  Considering the various things Appellant
could have done in Hunter’s house, there is insufficient evidence to support
that he intended to commit theft.  There was no property disturbed in Hunter’s
house, Appellant did not testify or make any statement to the police, and there
was no circumstantial evidence that he was in need of money.  See Duncan v.
State, No. 14-11-00298-CR, 2012 WL 1137910, at *3 (Tex. App.—Houston [14th
Dist.] Apr. 3, 2012, no pet. h.) (holding that evidence that closet door in
garage was open and an air compressor was in the middle of the garage rather than
its usual location in a closet supported a finding of intent to commit theft); Black
v. State, 183 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d) (holding that evidence of a computer system stacked and “ready to go”
near point of entry supported a finding of intent to commit theft); White v.
State, 630 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist.] 1982, no pet.)
(holding that movement of equipment from one part of garage to another supported
a finding of intent to commit theft).  The evidence in this case presents no
circumstance from which a rational factfinder could divine Appellant’s intent
when entering Hunter’s house.  See Solis, 589 S.W.2d at 446–47.  We
therefore sustain that portion of Appellant’s issue.

3. Criminal trespass

Criminal
trespass can be a lesser-included offense of burglary.  See Goad v. State,
354 S.W.3d 443, 446 (Tex. Crim. App. 2011).  “An offense is a lesser-included
offense . . . if it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged.”  Tex. Code
Crim. Proc. Ann. art. 37.09(1) (West 2006).  A person commits criminal trespass
when “the person enters . . . property of another, including residential land .
. . , without effective consent and the person . . . had notice that the entry
was forbidden.”  Tex. Penal Code Ann. § 30.05(a) (West Supp. 2011).  Criminal
trespass is established by proof of the facts of burglary of habitation as
Appellant was charged, less proof of the specific intent to commit theft.  See
Goad, 354 S.W.3d at 446.

As
stated above, a reasonable trier of fact could, on the cumulative evidence
presented, find beyond a reasonable doubt that Appellant was the person who
entered Hunter’s house through the window without her consent.  A house
automatically gives sufficient notice that entry is forbidden because it is an
enclosure obviously designed to exclude intruders.  See Moreno v. State,
702 S.W.2d 636, 640 n.7 (Tex. Crim. App. 1986); Jackson v. State, 3
S.W.3d 58, 62 (Tex. App.—Dallas 1999, no pet.).  In finding Appellant
delinquent based on burglary of a habitation, the trial judge necessarily found
evidence sufficient to find Appellant delinquent based on criminal trespass.  See
Goad, 354 S.W.3d at 446.  There is legally sufficient evidence to support a
charge of criminal trespass.

In a
bench trial, the trial court may find the defendant guilty of a proven
lesser-included offense even if the lesser-included offense is not requested by
either party.  See Mello v. State, 806 S.W.2d 875, 877 (Tex.
App.—Eastland 1991, pet. ref’d).  On an appeal of a bench trial, the appellate
court’s ability to reform a judgment is not limited by whether a charge on the
lesser-included offense was submitted to the jury.  See Bigley v. State,
865 S.W.2d 26, 27 (Tex. Crim. App. 1993).  Thus, we may reform the judgment in
this case to a conviction for the lesser-included offense of criminal
trespass.  See Dugger v. State, No. 03-00-00785-CR, 2001 WL 987373, at
*3 (Tex. App.—Austin Aug. 30, 2001, no pet.) (not designated for publication).

Conclusion

Having
overruled in part and sustained in part Appellant’s sole issue on appeal, we reform
the trial court’s judgment to reflect finding Appellant delinquent for criminal
trespass.  We remand the case to the trial court to consider disposition based
on the reformed judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL:  WALKER,
McCOY, and GABRIEL, JJ.

DELIVERED:  May 31, 2012









[1]See Tex. R. App. P. 47.4.





[2]The State’s petition included
a second paragraph alleging burglary of a habitation.  The trial court made no
finding concerning that allegation.





[3]The officer refused to
speculate on how much time had elapsed from the 911 call to the time of the
arrest.