

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00251-CV

IN THE MATTER OF D.M.T.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The State filed a petition alleging in paragraph one that Appellant D.M.T. engaged in delinquent conduct by violating section 30.02 of the penal code, specifically by "intentionally or knowingly, without the effective consent of Princess Hunter, the owner thereof, enter[ing] a habitation with intent to commit theft."[2] *See* Tex. Penal Code Ann. § 30.02 (West 2011). Appellant waived his right to a jury trial and the case was tried to the court. The trial court found the allegations in paragraph one to be true, adjudicated Appellant to be delinquent,

---

[1]*See* Tex. R. App. P. 47.4.

[2]The State's petition included a second paragraph alleging burglary of a habitation. The trial court made no finding concerning that allegation.

and ordered him committed to the Texas Youth Commission for an indeterminate sentence. Appellant now appeals his adjudication of delinquency. We reform the trial court's judgment to reflect a finding of delinquency based on the lesser-included offense of paragraph one, specifically Class A misdemeanor criminal trespass, and remand to the trial court for a new disposition hearing.

**Background Facts**

During the morning hours of May 27, 2011, Hunter was on the phone while working in her home located on Hickory Hill, in Arlington, Texas, when she heard a "banging" at the front door. She went to the front door, looked out through the peephole, and saw a man continuing to bang on the door. She went to another room in the front of the house to look out a window and saw a champagne-colored Dodge Charger drive by. Hunter returned to her desk, and after about three minutes, she heard the window in her bedroom open and heard someone climb through. Hunter called 911 and, while moving to the front door to leave the house, saw a shadow coming out of the bedroom. As she exited the house, she saw a young man come from her house where the window had been opened and run between her house and the neighbor's house. Hunter yelled at him that she saw him as he ran down the street.

Hunter testified that about that same time, her neighbor's son, Terrence Brown, came home. She informed him of what had happened and described the Charger she had seen. Brown left to look for the car.

2

Officers Marcus Dixon and Roy Mitchell of the Arlington Police Department were driving in separate cars when they were dispatched to the burglary call. Both officers were at the intersection of Collins and Mayfield when a man jumped out of another vehicle and ran toward their squad cars. Each officer testified that the man asked if they were en route to a call on Hickory Hill and that when they confirmed that they were, the man pointed to a gray Dodge car sitting at the intersection and identified it, saying, "[T]hat's the one next to my car."

The officers made contact with the three Hispanic males who were in the car, and after speaking with them briefly, the officers moved everyone to a nearby CVS parking lot. At this same time, Officer Frank Smith arrived at the scene and took command of Appellant, who was in the back left seat of the Dodge car. Hunter arrived at the CVS parking lot and identified the vehicle as the one she saw drive by her house, one of the car's occupants as the individual who knocked on her door, and Appellant as the person she saw running away from her house.

There was no stolen property found in Appellant's possession, and Hunter testified that there was no property taken from her home. Hunter also testified that she did not give anyone permission to enter her house on that date.

### Standard of Review

Appellant claims in his sole issue that the evidence is legally insufficient to support the adjudication of delinquency. Although appeals from juvenile court orders are generally treated as civil cases, we apply a criminal sufficiency

3

standard of review to sufficiency of evidence challenges regarding the adjudication phase of juvenile proceedings. *In re M.C.S., Jr.*, 327 S.W.3d 802, 805 (Tex. App.—Fort Worth 2010, no pet.). In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits an offense under penal code section 30.02(a)(1) "if, without the effective consent of the owner, the person: (1) enters a habitation . . . with intent to commit a felony, theft, or an assault . . . ." Tex. Penal Code Ann. § 30.02(a)(1).

**Discussion**

**1. Identity**

Appellant contends that the evidence is legally insufficient to prove he was the person who entered Hunter's residence. He relies upon discrepancies and assorted evidentiary inadequacies. Hunter related at trial that the Dodge she saw drive by her house was a champagne color while Officer Mitchell testified that the vehicle was gray, and Officer Smith testified that it was silver. Hunter viewed the car the officers detained at the CVS parking lot and identified it as the car she saw at her home.

Officer Steve Hall interviewed Hunter at her home on the date of the offense, and he testified that Hunter reported to him that when the knock occurred at her front door, she looked through the peephole and saw a black man standing there. Hunter did not state that at trial but instead testified that she

4

identified one of the three Hispanic males removed from the car as the man she saw at her door.

Hunter described how Appellant ran away from her house and down the street in the opposite direction from the intersection where the Dodge Charger was stopped by the police. Officer Smith testified that he encountered the Dodge within three minutes of receiving the call and that Appellant was a back seat passenger at that time.[3] Officer Smith, who arrested Appellant, did not recall that Appellant was sweating, hot, or panting at the time he was removed from the car. Appellant argues that because the alleged burglar was running in a different direction from the location where the car was encountered, he had no physical signs of having been running, and was a passenger in the car, the State presented insufficient evidence to establish his identity as the burglar.

Appellant also asserts that Hunter only saw a shadow in her hall and could not identify the person in her home. He notes that police failed to obtain fingerprints or footprints from the scene. Hunter positively identified Appellant, both on the date of the offense and at trial, as the person she saw fleeing from the scene.

Appellant's arguments amount to an attack on the credibility of the State's witnesses and the weight to be given to their testimony. The trier of fact—in this case, the trial judge—is the sole judge of the credibility of the witnesses and the strength of the evidence. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). When faced with conflicting

---

[3]The officer refused to speculate on how much time had elapsed from the 911 call to the time of the arrest.

evidence, this court "presume[s that] the trier of fact resolved any such conflict in favor of the prosecution." *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). The trial judge could weigh the lack of forensic evidence against the eyewitness testimony. A reasonable trier of fact could, on the cumulative evidence presented, find beyond a reasonable doubt that Appellant was the person who entered Hunter's house through the window without her consent. We overrule that portion of Appellant's issue.

## 2. Intent to commit theft

Appellant argues that there is legally insufficient evidence to prove that he entered Hunter's house with the intent to commit theft. The intent with which a defendant enters a habitation is a fact question to be decided based upon the surrounding circumstances. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). Intent is an essential element of burglary of a habitation that the State must prove; "it may not be left simply to speculation and surmise." *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986).

The State argues only that Appellant's flight, when startled in the house by Hunter, is sufficient to infer Appellant's intent to commit theft. The State relies on *Gear v. State*, 340 S.W.3d 743, 748 & n.9 (Tex. Crim. App. 2011), in which the facts were similar, up to a point, with the present case. In *Gear*, the complainant was home during the day when she heard a rattling noise and subsequent bangs from a side door that had been nailed shut. *Id.* at 744. When she went to investigate, she saw the defendant trying to enter her home through a broken window that had not been broken before she heard the noises. *Id.* She startled the intruder, who ran.

6

The facts then diverge from the present case. In *Gear*, the defendant testified that he thought the house he was entering was abandoned and that he went to the back of the house to urinate. *Id*. at 745. He further testified that he may have punched the wall of the house because he was angry at himself for having quit his job when he had no transportation and only about a dollar in his pocket. *Id*. At trial, he denied breaking the window. During the investigation, the defendant had told the police that he broke the window when he leaned on it and never said he hit the wall. *Id*. The court concluded,

> On this record, we decide that a fact finder could reasonably find beyond a reasonable doubt that the recently unemployed appellant with about one dollar in his pocket intended to commit theft inside the complainant's home when he attempted to enter the home through the window that he had just broken and where the evidence also shows that appellant ran when interrupted by the complainant and that appellant gave conflicting and implausible explanations for his actions.

*Id*. at 747–48.

The court of criminal appeals distinguished the facts of *Gear* from those of *Solis v. State*, 589 S.W.2d 444 (Tex. Crim. App. [Panel Op.] 1979). In *Solis*, the defendant removed a screen from a window of one house and took it to another house, set it down, and tried to enter the second house. *Id*. at 445. The trial court convicted Solis of attempted burglary with the intent to commit theft of the first home. The court of criminal appeals reversed, concluding "that, although the circumstances show that appellant probably intended to enter the [first] house with intent to commit theft, his behavior after removal of the screen was sufficiently inexplicable that reasonable doubt remains as to what his [s]pecific criminal intentions actually were." *Id*. at 446–47.

7

In the present case, there is sufficient evidence to support the finding that Appellant entered Hunter's house without her consent. But there is legally insufficient evidence, when viewed in the light most favorable to the trial court's judgment, to support a finding that Appellant intended to commit theft when he entered the house. There is no evidence that allows any inference as to what Appellant intended to do in the house. It is undisputed that there was no property removed from or even disturbed inside Hunter's home and that there was no stolen property found on Appellant or inside the vehicle. Case law says that flight alone is not dispositive of guilt but is a circumstance that, when combined with other facts, may suffice to show an accused is guilty of an offense. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979) (op. on reh'g); *In re L.A.S.*, 135 S.W.3d 909, 915 (Tex. App.—Fort Worth 2004, no pet.). The cases do not hold, however, that flight is sufficient to show an accused had the specific intent to commit theft upon unlawfully entering a habitation versus any other felony. Flight alone is just as consistent with the offense of criminal trespass as burglary with intent to commit theft.

In *Gear*, in addition to a finding that the defendant was fleeing the scene, the majority found sufficient circumstances to infer specific intent by relying on evidence that Gear was unemployed with no transportation and a dollar in his pocket and that Gear gave untruthful, conflicting, and implausible stories. 340 S.W.3d at 747–48; *see Padilla v. State*, 326 S.W.3d 195, 201 (Tex. Crim. App. 2010) (noting that a rational factfinder can consider a defendant's untruthful statements, in connection with the other circumstances of the case, as affirmative evidence of the defendant's guilt). Although a combination of circumstances can give rise to a reasonable inference of an intent to commit theft, we must apply the

8

rigorous due-process standard of *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89. Considering the various things Appellant could have done in Hunter's house, there is insufficient evidence to support that he intended to commit theft. There was no property disturbed in Hunter's house, Appellant did not testify or make any statement to the police, and there was no circumstantial evidence that he was in need of money. *See Duncan v. State*, No. 14-11-00298-CR, 2012 WL 1137910, at *3 (Tex. App.—Houston [14th Dist.] Apr. 3, 2012, no pet. h.) (holding that evidence that closet door in garage was open and an air compressor was in the middle of the garage rather than its usual location in a closet supported a finding of intent to commit theft); *Black v. State*, 183 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that evidence of a computer system stacked and "ready to go" near point of entry supported a finding of intent to commit theft); *White v. State*, 630 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist.] 1982, no pet.) (holding that movement of equipment from one part of garage to another supported a finding of intent to commit theft). The evidence in this case presents no circumstance from which a rational factfinder could divine Appellant's intent when entering Hunter's house. *See Solis*, 589 S.W.2d at 446–47. We therefore sustain that portion of Appellant's issue.

**3. Criminal trespass**

Criminal trespass can be a lesser-included offense of burglary. *See Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). "An offense is a lesser-included offense . . . if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2006). A person commits criminal trespass when "the person enters . . . property of another, including residential land . . . ,

9

without effective consent and the person . . . had notice that the entry was forbidden." Tex. Penal Code Ann. § 30.05(a) (West Supp. 2011). Criminal trespass is established by proof of the facts of burglary of habitation as Appellant was charged, less proof of the specific intent to commit theft. *See Goad*, 354 S.W.3d at 446.

As stated above, a reasonable trier of fact could, on the cumulative evidence presented, find beyond a reasonable doubt that Appellant was the person who entered Hunter's house through the window without her consent. A house automatically gives sufficient notice that entry is forbidden because it is an enclosure obviously designed to exclude intruders. *See Moreno v. State*, 702 S.W.2d 636, 640 n.7 (Tex. Crim. App. 1986); *Jackson v. State*, 3 S.W.3d 58, 62 (Tex. App.—Dallas 1999, no pet.). In finding Appellant delinquent based on burglary of a habitation, the trial judge necessarily found evidence sufficient to find Appellant delinquent based on criminal trespass. *See Goad*, 354 S.W.3d at 446. There is legally sufficient evidence to support a charge of criminal trespass.

In a bench trial, the trial court may find the defendant guilty of a proven lesser-included offense even if the lesser-included offense is not requested by either party. *See Mello v. State*, 806 S.W.2d 875, 877 (Tex. App.—Eastland 1991, pet. ref'd). On an appeal of a bench trial, the appellate court's ability to reform a judgment is not limited by whether a charge on the lesser-included offense was submitted to the jury. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Thus, we may reform the judgment in this case to a conviction for the lesser-included offense of criminal trespass. *See Dugger v. State*, No. 03-00-00785-CR, 2001 WL 987373, at *3 (Tex. App.—Austin Aug. 30, 2001, no pet.) (not designated for publication).

**Conclusion**

Having overruled in part and sustained in part Appellant's sole issue on appeal, we reform the trial court's judgment to reflect finding Appellant delinquent for criminal trespass. We remand the case to the trial court to consider disposition based on the reformed judgment.

LEE GABRIEL<br>
JUSTICE

PANEL: WALKER, McCOY, and GABRIEL, JJ.

DELIVERED: May 31, 2012

11