**Affirmed and Memorandum Opinion filed March 21, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00205-CR

---

**DUC HUU DOAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1232619**

---

# MEMORANDUM OPINION

Appellant entered a plea of guilty to aggravated assault, including the use of a deadly weapon. Pursuant to a plea bargain agreement with the State, the trial court deferred a finding of guilt, and on November 5, 2009, the court placed appellant on community supervision for two years. The State subsequently moved to adjudicate appellant's guilt, alleging that he violated the terms of a protective order prohibiting him from going within 200 feet of the complainant's residence.

Appellant entered a plea of not true to the allegation in the motion. After a hearing, the trial court found the allegation true. The court adjudicated appellant's guilt, and on February 7, 2012, sentenced appellant to confinement for three years in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings this appeal, raising a single issue in which he asserts that the evidence is insufficient to establish that he violated the conditions of his community supervision.

A trial court's ruling on a motion to adjudicate is reviewable in the same manner as the determination of a motion to revoke community supervision. Tex. Code Crim. Proc. art. 42.12, § 5(b). Appellate review of an order revoking community supervision and adjudicating guilt is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's evidentiary burden in a revocation case is to show that the defendant has violated a condition of his community supervision by a preponderance of the evidence. *Id.* The State satisfies its burden if the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his probation as alleged by the State. *Solis v. State*, 589 S.W.2d 444, 447 (Tex. Crim. App. 1979). We view the evidence in the light most favorable to the trial court's decision to revoke. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

At the hearing on the State's motion to adjudicate appellant's guilt, Officer T. Nguyen of the Houston Police Department testified that officers responded to a call about a disturbance at the complainant's residence on August 14, 2011. He testified that appellant was "on the property," "in his car," and "on the driveway" for the townhome complex. Officer Nguyen testified that the distance from the driveway to the complainant's front door was "maybe 15 feet or less." Officer

Nguyen arrested appellant for violation of the protective order that prohibits him from going within 200 feet of the complainant's residence.[1]

Appellant testified that he was beyond 200 feet from the complainant's residence. He said he was "in my car but on the street." However, when asked directly if appellant was within 200 feet of the residence, Officer Nguyen answered, "Yes, he was on the property." Officer Nguyen acknowledged that appellant was arrested at the residence identified in the protective order.

As the trier of fact at a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Reconciliation of conflicts and contradictions in the evidence is within the province of the factfinder. *Cooks v. State*, 844 S.W.2d 697, 708 (Tex. Crim. App. 1992).

We conclude that the trial court did not abuse its discretion in crediting the officer's testimony over that of appellant. The record contains sufficient evidence for the trial court to have formed a reasonable belief that appellant violated the terms of his community supervision by going to the complainant's residence in violation of the protective order.

---

[1] Pursuant to a plea bargain, appellant was sentenced to 15 days in jail for violating the protective order. Appellant's attempted appeal of that misdemeanor conviction was pending at the time of the revocation hearing, but it was dismissed shortly thereafter because appellant had no right to appeal his plea-bargained conviction. *See Doan v. State,* No. 14-12-0050-CR, 2012 WL 760880 (Tex. App.—Houston [14th Dist.] Mar. 8, 2012, no pet.) (mem. op. not designated for publication).

We overrule appellant's sole issue and affirm the trial court's judgment.


PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).