# NO. 12-12-00160-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY KEITH MCMULLEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The trial court in a bench trial found Appellant Jeffery Keith McMullen guilty of attempted burglary of a habitation and assessed his punishment at imprisonment for two years. Appellant presents two issues on appeal, both challenging the sufficiency of the evidence to sustain his conviction. We affirm.

### BACKGROUND

Emerson Wainwright, III, sixteen years of age, was alone in the family residence on Monday, November 8, 2010. At approximately 5:00 p.m. on that day, he heard a noise at the door that sounded like someone was trying to pry it open. He went to a window beside the door, looked through the blinds, and recognized Appellant, who was apparently trying to pry open the door with a piece of metal. Instead of calling the police, Emerson sent a text to his father and mother saying someone was trying to break in and that he was scared. His father immediately called and told him to shout, "I'm calling the police." Emerson complied, but the noise at the

door continued. Emerson's father told him to shout again that he was calling the police. This time the noise at the door stopped. When Emerson looked out of the window, he saw the would-be intruder walking away from the house. When the man reached the road, he turned in the direction opposite from where Appellant lived.

Both parents testified that when they talked to Emerson on the telephone, he was crying and obviously terrified. Emerson's father, mother, and grandfather and the police were there within minutes after the incident. Police photographs showed fresh marks made on the door knob and lock. Emerson also identified Appellant in a photo lineup. The police arrested Appellant the next day.

The Wainwrights had been apprehensive about Appellant's presence in the neighborhood since he moved into a small camper trailer about 250 yards down the road from where they lived. They sometimes saw him walking down the road as they returned from eating at a local café. On one occasion, Appellant stood in the road in front of their home just looking at the house for a protracted period. When Mrs. Wainwright called her husband about Appellant's strange conduct, he warned her to keep the children (four boys) inside until Appellant left. At another time, Emerson awakened his father at 2:00 a.m. to tell him that he saw Appellant getting into the Emerson pickup parked near their house. When they went outside to investigate, nothing had been taken or damaged.

At trial, Appellant produced two witnesses who testified that he was cutting wood with them at the time of the attempted break-in. However, both were somewhat unsure of the days or dates they were together cutting wood. The first witness conceded, "I don't know my days real good. I'm going to be honest." Later, during cross examination, the prosecutor said to the witness, "[A]nd to be fair, you can't swear it was November 8th." He answered, "No sir, I can't swear; all I can do is go by what I remember." The second witness stated on direct examination, "Sir I really don't remember what day it was; but yes sir. I was chopping wood around November, yes sir, with Woody and Jeffery here, yes sir."

## SUFFICIENCY OF THE EVIDENCE

In Appellant's first issue, he argues that the evidence is legally insufficient to sustain his conviction. In his second issue, Appellant contends the evidence presented at trial is

insufficiently corroborated by other evidence to sustain his conviction. Because both issues are challenges to the sufficiency of the evidence, we address them together.

**Standard of Review and Applicable Law**

When conducting a legal sufficiency review, an appellate court must consider all of the evidence in the light most favorable to the verdict and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010).

The indictment alleged that Appellant attempted to gain entry into a habitation which was locked, by force, with the specific attempt to commit the offense of burglary of a habitation.

The State was required to prove that Appellant, with the intent to commit the offense of burglary of a habitation, did an act that amounted to more than mere preparation, which tended but failed to effect the commission of the intended offense. TEX. PENAL CODE ANN. § 15.01(a) (West 2011). To be guilty of an attempt, there must be evidence that the person acted with "the specific intent to commit" the underlying offense. *Id*.; *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). Burglary of a habitation, the underlying offense in the instant case, requires proof that the person, without the consent of the owner, entered a habitation with the intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

In an indictment for attempted burglary of a habitation, the state need not allege the elements of the offense attempted. *Young v. State*, 675 S.W.2d 770, 771 (Tex. Crim. App. 1984). Therefore, the state need not allege that the defendant attempted entry with the intent to commit a particular felony or theft. *Id*.; *see also* *Epps v. State*, 811 S.W.2d 237, 243 (Tex. App.–Dallas 1991, no pet.). But at trial the state must still prove that the defendant attempted to enter the habitation with the intent to commit a felony, theft, or an assault. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986). Short of an evidentiary windfall, the fact finder must infer intent or the lack of intent from the circumstances. *Moreno v. State*, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986).

In *Gear v. State*, the complainant came face to face with the appellant as he was trying to enter her home through a window he had just broken. 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). The appellant fled the scene. *Id*. After his arrest, he gave two somewhat different

versions of the event that were both at odds with the complainant's description. *Id*. at 745. The appellant had just quit his job and had one dollar in his pocket. *Id*. at 747. The court held that the cumulative force of these incriminating circumstances was sufficient to show that the appellant attempted entry with the intent to commit theft. *Id*. at 748.

In *Roane v. State*, 959 S.W.2d 387, 388-89 (Tex. App.–Houston [14th] Dist. 1998, pet. ref'd), evidence that the appellant had been chipping at the caulking around the window with a knife while wearing latex gloves was held sufficient to support the inference that the purpose of his attempted entrance was to commit theft. In *Richardson v. State*, 973 S.W.2d 384, 387 (Tex. App.–Dallas 1998, no pet.), the court held that the fact finder could reasonably infer intent to commit theft from evidence that, when the police arrested the appellant, he had a screwdriver that matched fresh pry marks on the door.

## Discussion

Emerson Wainwright, III, told the court that Appellant was the man he saw trying to pry open the front door of the Wainwright home with a shiny piece of metal. Emerson had seen Appellant around the neighborhood, and he was familiar with Appellant's appearance. Emerson also positively identified Appellant in a photo lineup. Emerson had no doubt that Appellant was trying to break into the home. Fresh scratches on the door lock and door handle showed that someone had tried to pry open the door. Attempting to pry open the door with a piece of metal tended to effect the commission of the attempted offense. It was an act that amounted to more than mere preparation.

Appellant produced two alibi witnesses, Woody Parrot and Trevor Lake, who testified that Appellant was with them cutting wood all through the day until almost midnight on November 8, 2010, the day of the attempted burglary. The job had taken several days. Appellant could not have left the job, because he had no transportation. They also testified that there was a fourth man, Kenny Arnold, working with them who quit in the middle of the afternoon of that day and had not been seen since. Appellant and the missing Kenny Arnold were both skinny and had dark hair. Lake testified that Appellant "really worked" and did not break into houses to get money. However, on cross examination, both Woody Parrot and Trevor Lake conceded that they could not be positive about the exact dates they were engaged in splitting firewood. The failure of the police to find Appellant in the area, even though he was on foot, the crime was immediately

4

reported, and the sheriff's office promptly responded, supports his alibi defense.

It was for the trier of fact to resolve the conflicts in the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trial court, as the trier of fact, could accept or reject any or all of the testimony and determine the weight to be given it. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

Finally, Appellant argues that there is no evidence from which the fact finder might reasonably infer that Appellant attempted to enter the Wainwright home with the specific intent to commit a felony, assault, or theft. At trial, the State offered no theory as to what offense Appellant intended to commit if he gained entry. The State has not identified, either at trial or on appeal, facts supporting a reasonable inference that Appellant intended to commit a felony, assault, or theft within the house. He had no accomplices to help him and no transportation to carry away stolen items. His effort to gain entry was persistent but crude and unskilled. The attempt occurred during the day. His departure from the premises was too leisurely to be described as flight. There is no evidence that he ever attempted to explain his conduct.

However, other circumstances support a reasonable inference that Appellant attempted entry with the intent to commit theft. On the afternoon of the crime, Emerson's father was at the dentist's office with Emerson's three younger brothers. His mother was still at work. It is therefore probable that the family vehicles were not at the house. A thief could easily have assumed from the absence of vehicles that no one was at home. Emerson had seen Appellant inside his father's pickup at 2:00 a.m. a few weeks before. Appellant had shown a peculiar interest in the house. He lived in a camper trailer and did not own a vehicle. Appellant's lack of money is a circumstance we may consider as bearing on his criminal intent. *See Gear*, 340 S.W.3d at 747 n.8. Appellant was interrupted while he was trying to pry open the Wainwrights' front door. He left the premises without explanation when warned by Emerson that he was calling the police.

Appellant relies on *Solis v. State*, 589 S.W.2d 444 (Tex. Crim. App. 1979). In *Solis*, the appellant removed a screen from a window of the Alfred house, and placed the screen in the front yard of the Pierce house where he was interrupted trying to enter the Pierce house. *Id*. at 445. Solis was charged and convicted of the attempted burglary of the Alfred house. *Id*.

In overturning Solis's conviction, the court stated that

5

> [t]he only circumstance relevant to proof of appellant's criminal intent is his removal of Alfred's screen. We agree with the State that *this circumstance would have been more incriminating if appellant had been interrupted at the scene immediately after the removal of the screen*. (emphasis added).

*Id*. at 446. Unlike *Solis*, in the instant case, Appellant was interrupted attempting to enter the Wainwright home. This is a circumstance from which the fact finder might reasonably infer an intent to commit theft. *Gear*, 340 S.W.3d at 747.

In *Urtado v. State*, 605 S.W.2d 907 (Tex. Crim. App. 1980), also cited by Appellant, the issue was whether Urtado or Vivian Valdez cut the screen attempting entry, not whether the cutting of the screen was evidence of intent to commit theft. *Id*. at 910. The court held that "the State's evidence wholly failed to exclude every reasonable hypothesis other than that the screen was intruded as a result of conduct by this appellant. . . ." *Id*. *Urtado* is inapposite and does not support Appellant's argument.

Based upon our review of the record, we conclude that the cumulative force of all the incriminating circumstances is sufficient to support Appellant's conviction for attempted burglary of a habitation. Appellant's first and second issues are overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

### BILL BASS
Justice

Opinion delivered July 17, 2013.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

### JULY 17, 2013

### NO. 12-12-00160-CR

**JEFFERY KEITH MCMULLEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 411th Judicial District Court

of Trinity County, Texas. (Tr.Ct.No. 9,722)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 411TH DISTRICT COURT of TRINITY COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 17th day of July, 2013, the cause upon appeal to revise or reverse your judgment between

**JEFFERY KEITH MCMULLEN, Appellant**

**NO. 12-12-00160-CR; Trial Court No. 9,722**

Opinion by Bill Bass, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK

_____

By:_____
    Deputy Clerk

8